Per Curiam.
The court do not mean to preclude a further and more full consideration of the question on the return of the habeas corpus, if the parties should not, in the mean time, accommodate and preclude its return; but,the present impression of the court is in favour of the applicant’s right, and the following reasons have occurred: No conviction under our law works corruption of blood, or forfeiture of property, except in cases of treason. The effect of the pardon was to acquit the offender of all the penalties annexed to the conviction, and to give him a new credit and capacity. The limitation to the operation of a pardon on his antecedent rights is, that it cannot devest any person of any right, or interest, which the law had permitted to be acquired and vested, in consequence of the judgment. (Hawk. tit. Pardon, c. 37. s. 34. 54.) It, consequently, cannot annul or affect the validity of the second marriage of the wife, nor the sale of any of the property of the convict by the persons who had, in the mean time, been appointed to administer upon his estate, nor "his heirs of the vested interest acquired in his estate, in consequence of his civil death. But the pardon restores Mm to the relation of father, and there cannot have occurred any intervening right to defeat it. With the rights it would seem as if he must be restored to the duties of a parent, and be bound to maintain and protect his infant children; and, consequently, entitled to the custody of them. The guardian appointed during his civil death, was. but a trustee 'without any vested interest, and he cannot be affected in interest hy a cessation of that trust. Policy and humanity require that we should give to the convict so pardoned as complete a restora *236 tion of his private rights as may be consistent with the interv~ fling rghts and interests of others.
The writ of habeas corpus ought to be allowed.
Motion granted.