Mr. Justice Scott delivered the opinion of the Court. The only question presented is whether or not the legal effect of the pardon was to discharge the judgment for costs. The case of Amour Muni, Ex Parie, (5 Eng. 284,) cited by the appellant’s counsel does not sustain the position contended for by him. That was a case where a pardon was construed; but this is as to the legal effect of a pardon in general terms involving no question of construction. All that is said of the legal effect of a pardon in the case cited is that “ Its legal effect is to restore the convict at once to the rights of liberty and citizenship,” and Lilly's Mr. 270, is there cited to show that its effects are not only to discharge the punishment, but also to wipe out the guilt of the offence. To use the language of that author, “It pardons culpor so clearly that, in the eye of the law, the offender is as innocent as if he never had committed the offence.” Not that its effect relates back to a moment anterior to the conviction and removes every thing that would be inconsistent with its ever having existed — as to annul the second marriage of the convicts wife, or the sale of his property made' by persons appointed to administer his estate, or to divest the title of his heirs of the interest acquired in his estate in consequence of his civil death. (Maker of Doming, 10 John. 232. S. C. Ib. 488) — but that it creates new legal capacities for him and removes the stain of guilt, as completely as if he had never committed the offence. And by parity of reason it cannot release him from like intervening obligations. In a word, it does not continue him in a state of innocence for all purposes, but restores him to that state from the date of the delivery of his pardon. Nor did the King’s pardon in England remove every effect of a conviction. On the contrary, in every case where the disability was a part of the judgment itself, nothing short of a general pardon by act of Parliament would remove it, although it was otherwise when the disability was only consequential. {Rex. v. Wee-den, et al: 3 Salk• 264.) Costs are neither “fines” nor “forfeitures,” nor are they imposed by way of punishment, or as amercement at common law, but by way of sequence to every judgment whether in a civil or criminal case, as a matter of common justice to the party complainant, witnesses and officers of court, although the judgment is in favor of the complainant alone. Costs then partaking, in no respect, of the nature, either of punishment or of guilt, are without the sphere of the legitimate legal operation of a pardon, however general in its terms. And this view is sustained in principle by a much stronger case reported in 2 Bay. R. 565, (Rowe v. State,) where it was held that a pardon from the Government did not discharge the moiety of a fine which goes to the informer. There is uo error in the record. Let the judgment of the court below be affirmed.