that day I entered to John M. Pinckard a bill of goods purchased by him from said firm; and that the note for $848 52, dated 13th March, 1854, at twelve months thereafter, is justly due and owing to said firm; and that no part thereof has been paid, either by said J. M. Pinckard, now deceased, or by any other person for his account." The probate court rejected this claim, on account (*inter alia*) of the insufficiency of the affidavit by which it was verified; and this ruling, to which an exception was reserved, is now assigned as error.

TURNER REAVIS, for the appellants.

A. A. COLEMAN, *contra.*

---

## Ex Parte BOAZ.

| 31 | 425 |
| 134 | 320 |

| 31 | 425 |
| 139 | 234 |

[APPLICATION FOR MANDAMUS TO PROBATE COURT, IN MATTER OF HABEAS CORPUS FOR CUSTODY OF INFANT.]

1. *Father's right to custody of infant child.*—On *habeas corpus* sued out by the mother, the probate court cannot take an infant child from the custody of its father, and give it to the mother, when no improper restraint of the infant is established.

APPLICATION by Mrs. Jane H. Boaz, suing by her next friend, for a writ of *mandamus,* or other remedial process, to be directed to the probate court of Dallas, for the purpose of compelling that court to take jurisdiction of her petition for the writ of *habeas corpus* against her husband,

to obtain from him the custody of her infant child. The petition for the writ of *habeas corpus*, the defendant's answer thereto, the. evidence adduced on the hearing, and the decision of the probate judge, declining to act for want of jurisdiction, are made part of the application to this court. The petition alleged, that Mrs. Boaz had been married to her said husband about four years, and had in the meantime given birth to a female child, who was about two years old when the petition was filed; that her husband, a short time before the filing of the petition, had abandoned her, on account of the institution by her of a chancery suit against him respecting certain property which she claimed as her separate estate, and had removed to another plantation owned by him, carrying with him, against the petitioner's remonstrances, their said infant child; and that, in consideration of the infant's sex and tender years, the petitioner is its lawful custodian. In his answer to the writ of *habeas corpus*, the defendant admitted, that he had voluntarily abandoned his wife, (but for reasons which he deemed sufficient to justify him in so doing,) and had taken his child with him; asserted his lawful right to its custody, and denied that he exercised towards it any unlawful or improper restraint; and denied that the probate judge had any jurisdiction to deprive him of its custody on the application of the petitioner.

ALEX. WHITE, SAMUEL R. BLAKE, JNO. A. LODOR, and GEO. W. GAYLE, for the petitioner.—The general doctrine of the common law, that the father is entitled to the guardianship and custody of his child, is admitted; and it is further admitted that, in case of the voluntary separation of the husband and wife, the custody of the children is a question which the statute gives to the decision of the chancellor. The application here is rested on a distinct ground: the mother's right to the custody of her infant child for nurture; in which case, the court acts solely for the good of the infant, irrespective of other considerations.—3 Burr. 1436; 1 Stra. 444; 2 Stra. 982; 3 Con. Eng. Ch. R. 120, note *b*; 8 Paige, 56; 25 Wendell,

95; 4 Johns. Ch. 83; 13 Johns. 418; 3 Mason, 485; 5 Binney, 520; 18 Wendell, 637; 6 Rich. (Law) R. 344; 8 Johns. 328; 4 Humph. 535; Forsyth on Infants, 10, 65; Bishop on Marriage and Divorce, § 633. The common-law doctrine, as to the father's right to the custody of his child, is based upon his obligation to support it, and his right to its services; he being the only member of the family who could hold property. The principle ought not to obtain here, at least to the same extent; for our laws give the wife a separate estate, and make it liable for the support of her family.

BYRD & MORGAN, *contra*, cited 16 Pick. 203; 8 Paige, 68; 2 Story's Equity, § 1341; 4 Johns. Ch. 80; 13 Johns. 419; 5 East, 221; 25 Wendell, 64, 104; 18 Wendell, 638; 19 Wendell, 16; 16 Eng. Law and Eq. R. 221; 12 *ib.* 463; 14 Geo. 657; 6 Rich. Eq. 249; Bright on Husband and Wife, 318, note *d;* Bishop on Marriage and Divorce, 633–41; 19 Ala. 604; 17 Ala. 14; 3 Ala. 760; 2 Ala. 531.

RICE, C. J.—The law regards the father as the head of the family, obliges him to provide for its wants, and commits the children to his charge, in preference to the claims of the mother or any other person. His right to their custody may be forfeited by misconduct, or lost by misfortune. When *he* asserts it by *habeas corpus*, the court exercises a discretion, for "the benefit and welfare of the infants," and may leave them in the custody of the mother or some other person, in preference to the claims of the father. But when, as in the case at bar, the father has the custody of his infant child, and no improper restraint of the infant is established; and the mother asserts a right to its custody, by *habeas corpus* issued by and returned to a judge of probate, the authorities settle it beyond dispute, that such a judge cannot, in such a case, take the infant from the custody of its father, and give it to the mother. If any improper restraint of the infant itself had been established, the judge of probate · would have been bound to have set the infant free from such restraint. But nothing of that kind is established; and the action

of the judge of probate was in accordance with law. Rex v. Delaval, 3 Burr. R. 1434; De Manneville v. De Manneville, 10 Vesey, 52; In the Matter of Deming, 10 Johns. 232, 483; Meveein v. The People, 25 Wendell, 64; Matter of McDowles, 8 Johns. 328; Matter of Waldron, 13 ib. 418; Matter of Wollstonecraft, 4 Johns. Ch. Rep. 80; and the numerous authorities cited on the briefs of counsel in the present case.

As the judge of probate had no authority to change the custody of the child from its father to its mother, and as his decision is justified by law, this court cannot grant any relief on the application now made; for, in acting upon the application, our authority is merely revisory, or superintending, and cannot be exercised to disturb what has properly been done by the tribunal whose action we are here called on to revise or control.

The prayer of the petitioner is denied, at the costs of her next friend.