RAYMOND SANDERS v. THE STATE.

No. 11250. Delivered January 4, 1928.

1.—Suspended Sentence—Motion of State to Set Aside.

The opinion handed down herein on November 16, 1927, is withdrawn and the following substituted therefor.

2.—Same—Setting Aside Suspended Sentence—Rule Stated.

Appellant was convicted in 1922 in Cause No. 3479 of a felony and given a five-year suspended sentence. Thereafter in 1927 he was convicted of another felony, and the state sought to have the suspended sentence given in the first conviction set aside, and sentence pronounced.

3.—Same—Pardon Granted—Its Effect on Suspended Sentence.

Appellant contends and shows that he had been granted a full pardon in Cause No. 4004, the subsequent conviction, and for that reason the state was without authority to set aside the suspension of sentence in the former conviction.

4.—Same—Continued.

Our statute, Art. 779, C. C. P., provides that if one who has been granted a suspension of sentence is finally convicted of any other felony, pending the suspension of sentence, the court which granted such suspension may cause the defendant to be brought before him, and upon hearing proof, shall pronounce sentence upon the original judgment of conviction.

5.—Same—Continued.

Where it was made to appear that a full and complete pardon had been granted appellant in the subsequent conviction of a felony, this pardon had the effect of entirely wiping out and removing all of the dependent consequences arising as a result of his subsequent conviction, and the right of the state to have him sentenced under his former conviction was entirely destroyed. See Hunnicut v. State, 18 Tex. Crim. App. 498, and authorities there cited; Carr v. State, 19 Tex. Crim. App. 635; Bennett v. State, 24 Tex. Crim. App. 73, and Easterwood v. State, 34 Tex. Crim. Rep. 400.

Appeal from the District Court of Hunt County. Tried below before the Hon. Grover Sellers, Judge.

Appeal from an order setting aside a suspended sentence, and sentencing appellant under a former conviction.

The opinion states the case.

*Thompson & McWhirter* of Greenville, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

LATTIMORE, JUDGE.—The opinion handed down herein on November 16, 1927, is withdrawn and the following substituted therefor:

Appellant was convicted in 1922 in Cause No. 3479 of a felony and given a five-year suspended sentence. Thereafter in 1927, in cause No. 4004, he was finally convicted of another felony. In the latter case he was granted a full pardon by Governor Ferguson. Our law provides in Art. 779, C. C. P., if one who has been granted a suspended sentence is finally convicted of any other felony pending the suspension of sentence, the court which has granted such suspension may cause capias to issue for the defendant, if not in the custody of the court, and upon hearing proof the court shall pronounce sentence upon the original judgment of conviction. After the second conviction of this appellant, above referred to, upon motion of the State's

Attorney reciting the facts, a capias was issued for appellant by virtue of which he was arrested and brought into court for the purpose of having the order of suspension set aside in cause No. 3479, and having sentence then passed upon him in accordance with the judgment. When asked by the trial court if he had anything to say why said sentence should not then be pronounced against him, appellant answered that he had been pardoned in cause No. 4004, and produced a full pardon. Notwithstanding this the learned trial judge proceeded to set aside the order of suspension and sentence appellant for a period of five years, from which sentence and judgment an appeal was taken and the matter brought before us for review.

The question is not free from difficulty. The right of the state to have the suspension order set aside, and sentence pronounced, in cause No. 3479, rests upon the statement of the law in Art. 779, supra, and upon a showing that during the pendency of a suspended sentence the accused has been finally convicted of some other felony. This was the claim and assertion of the state in the proceeding before the court below in the instant matter. To this claim and assertion of the state he answered: "I cannot now be arrested, my suspension of sentence set aside, and sentence be pronounced, because I have been granted a full pardon in the second case—conviction in which furnishes the state its supposed basis of right to have me now sentenced, and I am therefore subject to none of the penalties resulting from or depending upon such second conviction."

In Hunnicutt v. State, 18 Tex. Crim. App. 498, this court quotes with approval the following:

"Mr. Bishop says, 'A pardon is a remission of guilt.' (1 Bish. Crim. Law., par. 898). But the general rule with regard to a full pardon seems to be that it 'is to make the offender a new man; to acquit him of all corporal penalties and forfeitures annexed to the offense for which he obtains his pardon, and not so much to restore his former as to give him a new credit and capacity.' (4 Blackst. Com. 402. See also Greenleaf's Ev., par. 377; People v. Pease, 3 Johns. Cases, 333; Wood v. Fitzgerald, 3 Oreg. 568; In Re Deming, 10 Johns. 232; State v. Baptiste, 26 La. Ann. 136; Ex Parte Hunt, 5 Eng. (Ark.) 284; Hester v. The Commonwealth, 85 Penn. St. 154; 2 Hawk. P. C. 547, and cases there cited; 1 Phill. Ev. 21; 1 Gilb. Ev. 259.)"

And in the same opinion appears the following:

"And Mr. Bishop says: 'A full pardon absolves the party from all the legal consequences of his crime and of his con-

viction, direct and collateral, including the punishment, whether of imprisonment, pecuniary penalty, or whatever else the law has provided. * * * Among the collateral consequences of an attainder or final sentence against the prisoner removed by pardon is the incapacity to be a witness. Yet only a full pardon has this effect.' (1 Bish. Crim. Laws, pars. 916, 917; Edwards v. Commonwealth, Va. Ct. App. 1884; 5. Crim. Law Mag. 308.)"

These statements are repeated in Carr v. State, 19 Tex. Crim. App. 635, and it is further stated:

"A full pardon is a remission of guilt; it releases the offense and obliterates it in legal contemplation. (1 Bish. Crim. Law, par. 898; Osborn v. United States, 91 U. S. 474.)"

See also Bennett v. State, 24 Tex. Crim. App. 73. In Easterwood v. State, 34 Tex. Crim. Rep. 400, we said:

"Disabilities arising out of and attaching to a conviction for felony in this state are removed by the absolute pardon. The provisions in the Constitution and the laws of this state, imposing disabilities because of conviction, are not and cannot be limitations upon the authority of the Governor to pardon. It is beyond the power of the Legislature to so restrict the consequences of the pardon. His power is supreme, and beyond the reach of legislative limitations.

"When a full pardon takes effect, all disabilities disappear, and the grantee stands as if he had never been convicted. A removal of the conviction necessarily removes the disabilities, because they are but consequences of the conviction. This would, therefore, restore the party to his right of suffrage, and his competency as a juror. The authorities are clear upon these questions, as we understand them."

See Ruling Case Law, Vol. 20, Secs. 40-41; also annotations under Law Assn. v. Wolfe, 50 A. L. R. 380-386; State v. Hazzard, 47 A. L. R. 538. The case of Scott v. State, 25 S. W. 337, appears almost directly in point. Same was an action of disbarment brought against an attorney under a statute which provided that one who had license to practice law and was convicted of a felony, should have his name stricken from the roll of attorneys upon proof being made in court of such fact. Disbarment proceedings were brought against Scott and when proof was offered of his conviction he objected upon the ground that he had received a full and unconditional pardon for the offense of which he had been convicted. His objections were overruled by the trial court, but the Court of Civil Appeals of

the Second Supreme Judicial District, through Stephens, J., said:

"We are of opinion that after he received an unconditional pardon the record of the felony conviction could no longer be used as a basis for the proceedings provided for in Art. 226. This record, when offered in evidence, was met with an unconditional pardon, and could not, therefore, properly be said to afford 'proof of a conviction of any felony.' Having been thus canceled, all its force as a felony conviction was taken away. A pardon falling short of this would not be a pardon, according to the judicial construction which that act of executive grace has received. Ex Parte Garland, 4 Wall. 344; Knote v. U. S., 95 U. S. 149, and cases there cited; Young v. Young, 61 Tex. 191. Cases may be found holding that a pardon does not operate as a bar against a proceeding to strike an attorney from the rolls on account of the professional misconduct involved in the transaction which culminated in the conviction. Penobscot Bar v. Kimball, 64 Me. 140; In Re ——————, an Attorney, 86 N. Y. 563. In these cases the proceedings to disbar were not founded on statutes like ours, declaring the effect of a felony conviction, but upon facts showing professional misconduct. Where the proceeding, as in this case, depends alone upon the felony conviction, and that is wiped out by a pardon, the whole case falls."

The judgment was reversed and rendered in favor of Scott upon the ground that his pardon wiped out the legal consequences of his conviction.

Giving effect to the above definitions and decisions and applying them to the case before us, it seems clear that the full pardon of appellant in cause No. 4004 had the legal effect of freeing him from those results made by law dependent upon his final conviction in said cause No. 4004—one of which was, as above stated the right of the state to bring him into court and have his suspended sentence set aside and sentence pronounced. If not finally convicted in cause No. 4004, the state had no such right. If, therefore, as under the vast majority of the authorities, by the full pardon of appellant, his final conviction in cause No. 4004 was wiped out, together with all its dependent legal consequences, then the basis and foundation of the right of the state to have him sentenced was entirely gone. We do not intend by this opinion to overrule the case of Bennett v. State, 24 Tex. Crim. App. 73, wherein it is held that the fact of conviction of a felony may be shown to

discredit an ex-convict, offered as a witness, notwithstanding he had been pardoned. We think the principle entirely different.

The judgment will be reversed and the cause ordered dismissed.

*Reversed and dismissed.*