

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

GERALD C. MANN
~~WILL WILSON~~
~~ATTORNEY GENERAL~~

Overruled by V-253

Texas Prison Board
711 West Alabama Street
Houston, Texas

Dear Sirs:                    Attention:  Mrs. C. A. Teagle, Secretary

Opinion No. O-2359
Re:  Are inmates of the Texas Prison Sys-
tem, after their release and the
restoration of their citizenship
eligible to take the examination
for and become cosmetologists?

This will acknowledge receipt of your recent letter
in which you submit the question as stated above.

Our statutes relating to the practice or occupation
of cosmetology have been incorporated in Vernon's Annotated
Criminal Statutes as Article 734b.  That Article provides that
no person may lawfully engage in the practice or pursue the
occupation of a hairdresser or cosmetologist unless such per-
son shall have first obtained a certificate or registration
or license from the State Board of Hairdressers and Cosmetolo-
gists.

Section 19 of said Article 734b relates to the subject
we are here called upon to interpret.  We quote:

"Section 19.  The said Board created by this Act
shall have the power to revoke or suspend certificates
provided in this Act, when the registrant or licensee
shall have been convicted of having violated any of
the provisions of this law <u>or shall have been convicted
of a felony</u> or shall have been convicted of drunken-
ness or of any offense in either the State or Federal
Court involving the illegal use, sale or transporta-
tion of intoxicating liquor or narcotic drugs, and
any person so charged shall have the right of trial
by jury in the county or district where such offense
is alleged to have been committed before the revoca-
tion or cancellation of such license shall become ef-
fective.

"(a)  The Board may refuse to grant a certi-

ficate to any person who shall fail to make a
grade of seventy-five (75) in all subjects upon
which they are examined, or to any person guilty
of fraud in passing the examination and obtain-
ing a certificate of authority to operate under
the provisions of this Act at any time, <u>or if
such person shall be found guilty of a felony</u>, or
gross immorality or unprofessional or dishonest conduct,
or should such person become addicted to the use
of drugs, or the habitual use of intoxicating liquor
to such an extent as to render him or her unfit
to practice in any of the occupations classified
under this Act, and the Board shall further have
authority to refuse to issue a permit or to cancel
a permit issued to any one advertising by means
of knowingly false and deceptive statements and for
their failure to display the certificates as pro-
vided for in this Act." (UNderscoring ours)

Under the provisions of the foregoing statute, you are
respectfully advised that one who has been convicted of a fel-
ony may not legally qualify for a certificate or license as a
hairdresser or cosmetologist, unless favored with a full and
complete pardon and restoration of citizenship.

As to the effect of such pardon as applied to the situ-
ation of which you inquire, we quote the following excerpt from
Texas Jurisprudence:

"A full or unconditional pardon operates to
prevent all further punishment for the offense for
which it is given, to remove all penal consequences,
and disabilities incident to the conviction, and to
create in the pardoned offender a new credit and
capacity wholly unaffected by his crime. 'It re-
leases the punishment and blots out the guilt so
that, in the eye of the law, the offender is as
innocent as if he had never committed the offense.'
It makes him, as has been said, a new man. . . .

"As a general rule a full pardon restores one
who has been convicted of a felony to all of his
civil rights, including those of suffrage and jury
service. It also removes the felon's disqualifica-
tion to testify in any other proceeding and makes
him a competent witness. To have this effect it is
essential that the pardon be a full and uncondition-
al one. . . ." (31 Tex. Jur. Pardon, § 9, p. 1265,
et seq.)

In Easterwood v. State, 34 Tex. Cr. R. 400, 31 S.W. 294, it is said:

"Disabilities arising out of and attaching to a conviction for felony in this state are removed by the absolute pardon. The provisions in the Constitution and the laws of this state, imposing disabilities because of conviction, are not and cannot be limitations upon the authority of the Governor to pardon. It is beyond the power of the Legislature to so restrict the consequences of the pardon. His power is supreme, and beyond the reach of legislative limitations. When a full pardon takes effect, all disabilities disappear, and the grantee stands as if he had never been convicted. A removal of the conviction necessarily removes the disabilities, be cause they are but consequences of the conviction. This would therefore restore the party to his right of suffrage, and his competency as a juror. The authorities are clear upon these questions, as we understand them." (Emphasis ours.)

In the case of Scott v. State, 6 Tex. Civ. App. 343, 25 S. W. 337, which was an action of disbarment brought against an attorney under a statute which provided that one who had license to practice law and was convicted of a felony, should have his name stricken from the roll of attorneys upon proof being made in court of such fact, the defendant produced a pardon for the offense of which he had been convicted. The pardon was urged to the trial court when proof was offered of his conviction, and objections made to such evidence being offered by the State. The trial court overruled Scott and admitted the evidence, but the Court of Civil Appeals, through Judge Stephens, said:

"We are of opinion that after he received an unconditional pardon the record of the felony conviction could no longer be used as a basis for the proceeding provided for in Article 226. This record, when offered in evidence, was met with an unconditional pardon, and could not, therefore, properly be said to afford 'proof of a conviction of any felony.' Having been thus canceled, all its force as a felony conviction was taken away. A pardon falling short of this would not be a pardon, according to the judicial construction which that act of executive grace has received. Ex parte Garland, 4 Wall. 344, 18 L. Ed. 366; Knote v. U. S., 95 U. S. 149, 24 L. Ed. 442, and cases there cited; Young v. Young, 61 Tex. 191."

The judgment was reversed and rendered in favor of Scott, upon the ground that his pardon wiped out the legal consequences of his conviction.

In the case of Sanders v. State, 108 Tex. Cr. R. 467, 1 S. W. (2d) 901, appellant had been the recipient of a suspended sentence for one felony and during the period of the suspension, he was finally convicted in another felony case. The State sought to impose sentence on the old case, but was met with an unconditional pardon granted to cover the most recent one. The trial judge refused to concede this as a bar, but the Court of Criminal Appeals said by the full pardon of appellant in the last conviction the final judgment was wiped out, "to gether with all its dependent consequences," and that "the basis and foundation of the right of the state to have him sentenced was entirely gone."

The judgment against Sanders was reversed, and the cause ordered dismissed.

We quote from the case of United States v. Athens Armory, 35 Ga. 344, 24 Fed. Cas. 878, 884:

"A pardon is an act of mercy flowing from the fountain of bounty and grace. Its effect, when it is a full pardon, is to obliterate every stain which the law attached to the offender; to place him where he stood before he committed the pardoned offense, and to free him from the penalties and forfeitures to which the law had subjected his personal property; to acquit him of all penalties annexed to the offense for which he obtains his pardon."

You are advised, in the light of the above quotations and citations of authority, that if full and unconditional pardons are granted, with restoration of citizenship, that inmates of the Texas Prison System, after their release, are eligible to take the examination for, and upon meeting all other requirements of the Board of Hairdressing and Cosmetology, to practice the profession or follow the occupation of cosmetologists. Without such pardon, the converse is true, and the sections of the statute we set out above would constitute a bar.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/Benjamin Woodall
Benjamin Woodall
Assistant

BW:BBB:wc

APPROVED SEP 17, 1940
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman