**Ex parte Guadalupe HERNANDEZ.**

**No. 11–04–00001–CV.**

Court of Appeals of Texas,
Eastland.

April 7, 2005.

---

J. K.(Rusty) Wall, Midland, for appellant.

Al Schorre, District Attorney, Eric Kalenak, Assistant, Midland, for appellee.

Panel consists of: ARNOT, C.J., and McCALL, J., and HILL, J.[1]

---

1. John G. Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth sitting by assignment.

Opinion

PER CURIAM.

Guadalupe Hernandez appeals from the trial court's order denying his petition for expunction of the records of certain convictions. The trial court found that, while Proclamation No. 87–1475 issued by the Governor of the State of Texas was a pardon, the proclamation did not contain any language indicating the proclamation was predicated on a subsequent proof of innocence. Hernandez contends in a single issue that the trial court incorrectly ordered that he deserved no relief on his expunction request. We reverse and remand this cause to the trial court for the entry of an order of expungement of the arrest records for the convictions for which Hernandez has been pardoned.

■ Hernandez petitioned the trial court for expunction of his convictions for burglary and murder without malice. He was convicted of burglary in 1957 in Cause No. 002105 in the 142nd District Court of Midland County and received a sentence of three years. He was convicted of murder without malice in 1962 in Cause No. 002652 in the 142nd District Court of Midland County and received a sentence of five years. He was subsequently discharged in 1973. He sought relief based upon TEX. CODE CRIM. PRO. ANN. art. 55.01(a)(1)(B) (Vernon Pamph. Supp. 2004–2005) in light of a 1987 proclamation issued by Texas Governor Bill Clements, "acting upon and because of the recommendation of the Board of Pardons and Paroles," that, by its terms, restored Hernandez's full civil rights of citizenship that he may have lost as a result of his conviction of the offenses in question.

■ A person who has been arrested for the commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if he or she is tried for the offense for which the person was arrested and is convicted and subsequently pardoned. Article 55.01(a)(1)(B). The Governor of the State of Texas has the power to pardon, subject to the written recommendation and advice of the Texas Board of Pardons and Paroles. TEX. CONST. art. IV, § 11. A pardon has been defined as an act of grace exempting the individual on whom it has been bestowed from the punishment that has been assessed against him or her by the court. *Ex parte Lefors*, 165 Tex.Crim. 51, 303 S.W.2d 394, 397 (1957). The term also includes the restoration of civil rights where the person convicted has served the full term of his or her sentence. *See Holmes v. State*, 70 Tex.Crim. 423, 157 S.W. 487, 492 (1913). There is no difference between the "full pardon" discussed in *Holmes* and the proclamation issued by Governor Clements, other than the fact that the document in the case at bar does not mention the term "pardon." Given the fact that Governor Clements's proclamation has the attributes of a pardon, despite the fact that it does not contain the word "pardon," we agree with the trial court in holding that the proclamation restoring Hernandez's civil rights was, in fact, a pardon. The trial court also found that the pardon Hernandez received was not based upon his guilt or innocence, a fact that Hernandez does not dispute.

■ The State contends that Hernandez is not entitled to the relief he seeks because Governor Clements's proclamation restoring Hernandez's civil rights following his conviction was not a pardon and that, even if it were, it is a nullity because a statute authorizing the governor to restore civil rights had been repealed. For the reason previously stated, we disagree with the State's conclusion that the proclamation was not a pardon. Inasmuch as the authority of the governor to restore the full civil rights of one previously convicted

of crime is derived from the governor's right under the Texas Constitution to grant a pardon, upon the recommendation and advice of the Texas Board of Pardons and Paroles, the legislature does not have the power to interfere with his right to do so by the repeal of a statute. *See Sanders v. State,* 108 Tex.Crim. 467, 1 S.W.2d 901 (1928).

■ As we have previously noted, the trial court found that the proclamation was a pardon that restored Hernandez's full civil rights of citizenship, but not one based upon subsequent proof of Hernandez's innocence of the offenses. Inasmuch as the trial court denied the relief Hernandez sought, despite its finding that the proclamation was a pardon, we conclude that the trial court's denial was based upon an inferred finding that the pardon referred to in Article 55.01(a)(1)(B) does not apply to pardons restoring full civil rights of citizenship. The language of Article 55.01(a)(1)(B) does not distinguish between different kinds of pardons. We must apply the language of the statute as written unless it is ambiguous or the plain language of the statute would lead to absurd results.

■ The State does not contend that the statute is ambiguous or that, as written, it would lead to absurd results. While one might argue as to the wisdom of the statute as written, we are unable to determine that the application of the statute as urged by Hernandez would lead to absurd results. TEX. GOV'T CODE ANN. § 311.023 (Vernon 2005) allows for other factors, such as legislative history, to be taken into consideration whether or not the statute is ambiguous. However, we are to utilize those factors only if the statute is ambiguous or leads to an absurd result. *Boykin v. State,* 818 S.W.2d 782, 785–86 (Tex.Cr.App.1991). We sustain Hernandez's sole issue on appeal.

The order denying Hernandez expungement relief is reversed. We remand this cause to the trial court for the entry of an order of expungement of the arrest records for the convictions for which Hernandez has been pardoned.