11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Ex
parte Guadalupe Hernandez

No. 11-04-00001-CV -- Appeal from Midland County

 

Guadalupe Hernandez appeals from the trial court=s order denying his petition for
expunction of the records of certain convictions.  The trial court found that, while
Proclamation No. 87-1475 issued by the Governor of the State of Texas was a
pardon, the proclamation did not contain any language indicating the
proclamation was predicated on a subsequent proof of innocence.  Hernandez contends in a single issue that the
trial court incorrectly ordered that he deserved no relief on his expunction
request.  We reverse and remand this
cause to the trial court for the entry of an order of expungement of the arrest
records for the convictions for which Hernandez has been pardoned.

Hernandez petitioned the trial court for
expunction of his convictions for burglary and murder without malice.  He was convicted of burglary in 1957 in Cause
No. 002105 in the 142nd District Court of Midland County and received a
sentence of three years.  He was
convicted of murder without malice in 1962 in Cause No. 002652 in the 142nd
District Court of Midland County and received a sentence of five years.  He was subsequently discharged in 1973.  He sought relief based upon TEX. CODE CRIM.
PRO. ANN. art. 55.01(a)(1)(B) (Vernon Pamph. Supp. 2004 - 2005) in light of a
1987 proclamation issued by Texas Governor Bill Clements, Aacting upon and because of the
recommendation of the Board of Pardons and Paroles,@
that, by its terms, restored Hernandez=s
full civil rights of citizenship that he may have lost as a result of his
conviction of the offenses in question.








A person who has been arrested for the commission
of either a felony or misdemeanor is entitled to have all records and files
relating to the arrest expunged if he or she is tried for the offense for which
the person was arrested and is convicted and subsequently pardoned.  Article 55.01(a)(1)(B).  The Governor of the State of Texas has the
power to pardon, subject to the written recommendation and advice of the Texas
Board of Pardons and Paroles.  TEX.
CONST. art. IV, ' 11.  A pardon has been defined as an act of grace
exempting the individual on whom it has been bestowed from the punishment that
has been assessed against him or her by the court.  Ex parte Lefors, 303 S.W.2d 394,
397 (Tex.Cr.App.1957).  The term also
includes the restoration of civil rights where the person convicted has served
the full term of his or her sentence.  See
Holmes v. State, 157 S.W. 487, 492 (Tex.Cr.App.1913).  There is no difference between the Afull pardon@
discussed in Holmes and the proclamation issued by Governor Clements,
other than the fact that the document in the case at bar does not mention the
term Apardon.@ 
Given the fact that Governor Clements=s
proclamation has the attributes of a pardon, despite the fact that it does not
contain the word Apardon,@ we agree with the trial court in
holding that the proclamation restoring Hernandez=s
civil rights was, in fact, a pardon.  The
trial court also found that the pardon Hernandez received was not based upon
his guilt or innocence, a fact that Hernandez does not dispute.  

The State contends that Hernandez is not entitled
to the relief he seeks because Governor Clements=s
proclamation restoring Hernandez=s
civil rights following his conviction was not a pardon and that, even if it
were, it is a nullity because a statute authorizing the governor to restore
civil rights had been repealed.  For the
reason previously stated, we disagree with the State=s
conclusion that the proclamation was not a pardon.  Inasmuch as the authority of the governor to
restore the full civil rights of one previously convicted of crime is derived
from the governor=s right
under the Texas Constitution to grant a pardon, upon the recommendation and
advice of the Texas Board of Pardons and Paroles, the legislature does not have
the power to interfere with his right to do so by the repeal of a statute.  See Sanders v. State, 1 S.W.2d 901
(Tex.Cr.App.1928).

As we have previously noted, the trial court found
that the proclamation was a pardon that restored Hernandez=s full civil rights of citizenship, but
not one based upon subsequent proof of Hernandez=s
innocence of the offenses.  Inasmuch as
the trial court denied the relief Hernandez sought, despite its finding that
the proclamation was a pardon, we conclude that the trial court=s denial was based upon an inferred
finding that the pardon referred to in Article 55.01(a)(1)(B) does not apply to
pardons restoring full civil rights of citizenship.  The language of Article 55.01(a)(1)(B) does
not distinguish between different kinds of pardons.  We must apply the language of the statute as
written unless it is ambiguous or the plain language of the statute would lead
to absurd results.  








The State does not contend that the statute is
ambiguous or that, as written, it would lead to absurd results.  While one might argue as to the wisdom of the
statute as written, we are unable to determine that the application of the
statute as urged by Hernandez would lead to absurd results.  TEX. GOV=T
CODE ANN. ' 311.023
(Vernon 2005) allows for other factors, such as legislative history, to be
taken into consideration whether or not the statute is ambiguous.  However, we 
are  to utilize those factors only
if the statute is ambiguous or leads to an absurd result.  Boykin v. State, 818 S.W.2d 782,
785-86 (Tex.Cr.App.1991).  We sustain
Hernandez=s sole
issue on appeal.  

The order denying Hernandez expungement relief is
reversed.  We remand this cause to the
trial court for the entry of an order of expungement of the arrest records for
the convictions for which Hernandez has been pardoned.

 

PER CURIAM

 

April 7, 2005 

Panel
consists of:  Arnot, C.J., and

McCall,
J., and Hill, J.[1]











[1]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth sitting by assignment.