# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

September 24, 2010

The Honorable Frank J. Corte Jr.
Chair, Committee on Defense and
    Veterans' Affairs
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0803

Re: Whether a facility must have a license to perform medical abortions, and whether drugs to induce an abortion must be ingested in the presence of the prescribing physician (RQ-0859-GA)

Dear Representative Corte:

You initially asked for our opinion regarding whether a facility must have a license to perform medical abortions.[1] You subsequently asked for our opinion regarding "whether drugs that are administered for the purpose of inducing an abortion must be ingested by the patient in the presence of the physician who has prescribed them for her."[2] We have consolidated your two requests and consider the questions together.

Abortion facilities in Texas are licensed and regulated under chapter 245 of the Health and Safety Code, the Texas Abortion Facility Reporting and Licensing Act (the "Act"). *See generally* TEX. HEALTH & SAFETY CODE ANN. §§ 245.001–.023 (West 2010); *see also id.* § 245.001 (setting out short title). With specified exceptions,[3] the Act requires that all abortion facilities be licensed. *See id.* § 245.003(a). In addition, the Act imposes reporting and other requirements on abortion facilities, and it provides methods for dealing with violations. *See, e.g., id.* §§ 245.011 ("Reporting Requirements; Criminal Penalty"); 245.012 ("Denial, Suspension, Probation, or Revocation of License"); 245.013 ("Injunction"); 245.014 ("Criminal Penalty"); 245.015 ("Civil Penalty"); 245.017 ("Administrative Penalty"). The Act also authorizes the Board of the Department of State Health

---

[1]Request Letter (Oct. 5, 2009) (with attachments) [hereinafter Oct. Request Letter].

[2]Request Letter (Jan. 27, 2010) [hereinafter Jan. Request Letter].

[3]The Act exempts (1) hospitals licensed under the Texas Hospital Licensing Law; (2) physicians' offices, licensed under subtitle B, title 3, Occupations Code, that perform fewer than a specified number of abortions; and (3) ambulatory surgical centers licensed under chapter 243, Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. § 245.004(a) (West 2010) (reflecting two different subsections (a)); *see also* Brief of Lisa Hernandez, General Counsel, Tex. Dep't of State Health Servs. at 1 (Nov. 20, 2009) (on file with the Opinion Committee).

Services[4] ("DSHS") to adopt rules to implement chapter 245 and to impose minimum standards on abortion facilities. *See id.* §§ 245.009 ("Adoption of Rules"), 245.010 ("Minimum Standards").

The licensing requirement of chapter 245 applies to an "abortion facility." *See id.* § 245.003(a). An "abortion facility" is defined as "a place where abortions are performed." *Id.* § 245.002(2). Thus, to address your question whether a facility must have a license, we must determine whether a medical abortion that you describe as involving the use of drugs is an "abortion" under chapter 245.

Chapter 245 defines an abortion as

> an act or procedure performed after pregnancy has been medically verified and with the intent to cause the termination of a pregnancy other than for the purpose of either the birth of a live fetus or removing a dead fetus. The term does not include birth control devices or oral contraceptives.

*Id.* § 245.002(1). The plain language of the definition of abortion does not distinguish between the termination of a pregnancy through surgical or medical means. *See id.*; *cf. United States v. Ollison,* 555 F.3d 152, 160 (5th Cir. 2009) (construing the term "employee" in statute and noting that plain language did not distinguish between "high-level" and "low-level" employees); *Ex parte Hernandez,* 165 S.W.3d 760, 763 (Tex. App.—Eastland 2005, no pet.) (noting language of statute did not distinguish between different kinds of pardons). The definition of abortion therefore is not limited to a particular means of accomplishing an abortion. Instead, the definition of abortion includes simply an act or procedure as specified by section 245.002(1). *See* TEX. HEALTH & SAFETY CODE ANN. § 245.002(1) (West 2010).

Texas courts rely on dictionaries to determine the meaning of terms not defined in statute. *See CenterPoint Energy Entex v. R.R. Comm'n,* 208 S.W.3d 608, 619 (Tex. App.—Austin 2006, pet. dism'd) (explaining that Texas courts may rely on commonly used dictionaries to discern the plain meaning of statutory terms) (citing *Powell v. Stover,* 165 S.W.3d 322, 326 (Tex. 2005)). The common meaning of the term "act" is "[s]omething done or performed, esp. voluntarily; a deed." BLACK'S LAW DICTIONARY 27 (9th ed. 2009); *see also* TEX. GOV'T CODE ANN. § 311.011(a) (West 2005) ("Words and phrases shall be read in context and construed according to the rules of grammar and common usage."); *State v. West,* 826 P.2d 940, 943 (Mont. 1992) (defining "act" to mean "a thing done or that which is done"). The word "procedure" is commonly defined to mean "[a] specific method or course of action." BLACK'S LAW DICTIONARY 1323 (9th ed. 2009); *see United States v. Berkos,* 543 F.3d 392, 398 (7th Cir. 2008); *see also In re United States,* 665 F. Supp. 2d 1210, 1217 (D. Or. 2009) (defining "procedure" to mean "a series of steps taken to accomplish an

---

[4]The "Board" referred to is the former Texas Board of Health, now the Texas Department of State Health Services. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 198, §§ 1.09, 1.19, 1.26, 2003 Tex. Gen. Laws 611, 618–23, 636–37, 641, 729.

action" or "a specific method or course of action"). Accordingly, an abortion under chapter 245 involves a deed or something done or a specific method or course of action intended to cause the termination of a pregnancy as specified by subsection 245.002(1).

In your request letter, you generally describe a medical abortion as one caused by the use of drugs. *See* Oct. Request Letter at 4–5 (describing the use of drugs, primarily Mifeprex® known colloquially as "RU-486," to induce abortions). Prescribing or providing[5] a drug is a deed or something done or a specific method or course of action, and thus is an act or procedure under the common definitions of those terms. If the prescribing or providing of a drug is done with the requisite intent to terminate a pregnancy that has been medically verified, then the prescribing or providing of the drug is an abortion under chapter 245. Accordingly, unless expressly exempted, a facility performing such an act or procedure within the scope of subsection 245.002(1) is an abortion facility that must be licensed under chapter 245.

Because our analysis of this question is focused on medical abortions generally and because questions of intent involve factual considerations that fall outside the purview of an attorney general opinion, we cannot conclude as a matter of law that the prescribing or providing of any particular drug is an abortion as defined by subsection 245.002(1).[6] *See* Tex. Att'y Gen. Op. Nos. GA-0581 (2007) at 3 ("Whether a particular action is performed . . . intentionally is a fact question."); *see also* GA-0726 (2009) at 3 ("We cannot find and resolve questions of fact in an attorney general opinion."). As the agency charged with implementation of the Act, DSHS may make that determination in the first instance. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 245.005(d) (West 2010) (authorizing DSHS to issue abortion facility license), 245.009 (authorizing DSHS to adopt rules).

You also inquire whether a drug that is provided with the intent to induce an abortion must be ingested by the patient in the presence of the prescribing physician.[7] *See* Jan. Request Letter

---

[5]"'Provision' means the supply of one or more unit doses of a drug, medicine, or dangerous drug." TEX. OCC. CODE ANN. § 157.002(a)(2) (West 2004); *see also* 22 TEX. ADMIN. CODE § 169.2(8) (2010) (Tex. Med. Bd., Definitions) (defining "provision").

[6]Our research indicates that drugs commonly used to induce an abortion may have medical uses other than the termination of a pregnancy. For instance, the drug methotrexate, a drug sometimes used in combination with another drug to induce an abortion, is also used in the treatment of cancer. *See Planned Parenthood Cincinnati Region v. Taft*, 444 F.3d 502, 512 (6th Cir. 2006) (discussing doctor's testimony regarding abortifacient uses of methotrexate as well as its use as a cancer agent).

[7]In your requests, you include material related to a specific protocol of use for a particular drug. *See* Oct. Request Letter (attached materials pertaining to Mifeprex®); Jan. Request Letter at 1 (referring to previously submitted materials pertaining to Mifeprex®). You aver that the protocol requires the drug to be ingested by the patient in the presence of the physician. *See* Oct. Request Letter at 4–5. The protocol merely requires that the drug be taken by the patient in the doctor's office, not in the physical presence of the physician. *See id.* (attached Patient Agreement with respect to the use of Mifeprex® (mifepristone) requiring patient to agree to "take Mifeprex in my provider's office").

at 1. In averring that Texas law requires such a result, you direct us to section 157.001 of the Occupations Code and section 245.010 of the Health and Safety Code. *See id.* at 1–2. Section 157.001(a)(1) authorizes a physician to delegate a medical act to a qualified and properly trained person under specified conditions. TEX. OCC. CODE ANN. § 157.001(a)(1) (West 2004). One of the conditions is that the medical act is not an act in violation of any other statute. *See id.* § 157.001(a)(1)(C). Section 245.010(b) of the Health and Safety Code provides that only a physician may perform an abortion. TEX. HEALTH & SAFETY CODE ANN. § 245.010(b) (West 2010).

You argue that Health and Safety Code section 245.010(b) limits Occupations Code section 157.001(a)(1) and precludes a physician from delegating the performance of an abortion to another health care professional. *See* Jan. Request Letter at 1–2. Even assuming your construction of these two statutory provisions is in accordance with the legislative intent, neither statute imposes any requirement on the patient taking a drug provided to induce an abortion. *See* TEX. OCC. CODE ANN. § 157.001(a)(1) (West 2004) (providing general delegation authority to physician); TEX. HEALTH & SAFETY CODE ANN. § 245.010(b) (West 2010) (requiring abortion be performed by physician). Nothing in section 157.001(a)(1) or section 245.010(b) mandates that a patient ingest such drugs in the presence of the physician. *See* TEX. OCC. CODE ANN. § 157.001(a)(1) (West 2004); TEX. HEALTH & SAFETY CODE ANN. § 245.010(b) (West 2010). Rather, it appears generally that a patient may consume prescribed drugs away from the physician's office. *See* 22 TEX. ADMIN. CODE § 169.4 (2010) (Tex. Med. Bd., Providing, Dispensing, or Distributing Drugs) (authorizing physician to "provide, dispense, or distribute drugs for use or consumption by the patient away from the physician's office or after the conclusion of the physician-patient encounter"). Additionally, in our examination of other statutory provisions regulating the medical profession, we find no provision that requires a patient to ingest drugs in the presence of the physician. *See generally* TEX. OCC. CODE ANN. §§ 151.001–165.160 (West 2004 & Supp. 2010) ("Physicians" title 3, subtitle B). The Legislature could have included the requirement that a patient ingest a drug in the presence of the physician. The Legislature did not do so. The Legislature cannot expect the Attorney General to impose standards that the Legislature has failed to impose. We thus cannot conclude that a patient must ingest drugs that are provided with the intent to induce an abortion in the presence of the prescribing physician.

## S U M M A R Y

Except as expressly exempted, chapter 245, Health and Safety Code, requires an abortion facility to be licensed. The prescribing or providing of a drug, not otherwise excluded as a birth control device or oral contraceptive, and done with the requisite intent to terminate a medically verified pregnancy, may be an abortion under section 245.002(1). Whether the prescribing or providing of a particular drug is an abortion is a fact question that must be determined by the Texas Department of State Health Services in the first instance.

Texas statutes do not require a patient to ingest drugs that are provided to the patient with the intent to induce an abortion in the presence of the prescribing physician.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Charlotte M. Harper
Assistant Attorney General, Opinion Committee