IN RE EXPUNCTION

NO. 01–15–00164–CV

Court of Appeals of Texas,
Houston (1st Dist.).

Opinion issued March 29, 2016

Ken Paxton, Attorney General of Texas, Michael B. Neill, Assistant Attorney General, Austin TX, for Appellant.

Gary Tabakman, Mackenzie Schaffer, Houston, TX, for Appellee.

Panel consists of Chief Justice Radack and Justices Keyes and Higley.

## OPINION

Sherry Radack, Chief Justice

In this appeal, we consider whether the trial court, having ordered the expunction of "all records and files pertaining to the [petitioner's] arrest" after the petitioner was pardoned by the Governor, may require the Texas Secretary of State to turn over for destruction the actual gubernatorial pardon proclamation signed by the Governor, despite the Secretary of State's constitutionally imposed duty to keep a "fair register" of all of the Governor's official acts. We modify the order of expunction to clarify that the Secretary of State is not required to expunge the gubernatorial pardon proclamation, and, as modified, we affirm.

## BACKGROUND

In 1981, the petitioner pleaded guilty to misdemeanor theft. On December 19, 2013, Rick Perry, the Governor of Texas, granted her a full pardon, signing a gubernatorial pardon proclamation with the seal of the State of Texas attached thereto. The pardon proclamation also provided: "I HEREBY DIRECT that a copy of this proclamation be filed in the office of the Secretary of State." In compliance with the terms of the proclamation, it was filed with the Secretary of State, and the Secretary of State has possession of the pardon proclamation.

In 2014, the petitioner filed a Petition for Expunction, pursuant to Chapter 55 of the Texas Code of Criminal Procedure, requesting that the named agencies, including the Secretary of State, "return all records and files to the court, or if that is impractical, delete all references in the records to petitioner and notify the court of the same[.]" The Secretary of State responded, arguing that he has the constitutional duty to preserve the gubernatorial pardon proclamation. After requesting briefing and argument by the parties on the issue, the trial court granted the expungement, ordering in part:

THEREFORE, it is hereby ORDERED, ADJUDGED, and DECREED that:

(1) The petition for expunction filed in this cause is GRANTED as to all respondents, including the Secretary of the State of Texas, and all records of the petitioner's arrest in this cause, including all records of petitioner's prosecution for this offense, are expunged; and all release, dissemination or use of records pertaining to such arrest and prosecution is prohibited.

(2) The respondents shall return all records and files concerning the above-specified arrest to this Court, or if removal is impracticable, obliterate all portions of the records or files that identify the petitioner, including all computer entries, and notify the court of its actions.

(3) The respondents shall delete from their records all index references to the records and files that are subject to this expunction order.

The Secretary of State then filed this appeal.

## EXPUNCTION OF GUBERNATORIAL PARDON PROCLAMATION

In three related issues on appeal, the Secretary of State contends the trial court erred in requiring the expunction of the gubernatorial pardon proclamation. Specifically, the Secretary of State argues that his constitutional duty to preserve official records of the Governor trumps the statutory right to expunction provided in the expunction statute. The Secretary of State also argues that the expunction statute does not cover gubernatorial pardon proclamations, and that by extending it to do so, the trial court violated the separation-of-powers doctrine.

### Standard of Review and Applicable Law

This Court reviews a trial court's grant or denial of a petition for expunction under an abuse of discretion standard. *Tex. Dep't of Pub. Safety v. J.H.J.*, 274

S.W.3d 803, 806 (Tex.App.–Houston [14th Dist.] 2008, no pet.); *Heine v. Tex. Dep't of Pub. Safety*, 92 S.W.3d 642, 646 (Tex.App.–Austin 2002, pet. denied). A trial court abuses its discretion if it renders a decision that is arbitrary, unreasonable, or without reference to guiding rules and principles. *Mercedes–Benz Credit Corp. v. Rhyne*, 925 S.W.2d 664, 666 (Tex.1996); *J.H.J.*, 274 S.W.3d at 806. A trial court's legal conclusions, however, we review de novo. *State v. Heal*, 917 S.W.2d 6, 9 (Tex. 1996); *J.H.J.*, 274 S.W.3d at 806. A trial court has no discretion in determining what the law is or applying the law to the facts. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992).

Expunction is a statutory privilege, not a constitutional or common-law right. *McCarroll v. Tex. Dep't of Pub. Safety*, 86 S.W.3d 376, 378 (Tex.App.–Fort Worth 2002, no pet.). Further, although the expunction statute is located in the Texas Code of Criminal Procedure, an expunction proceeding is civil rather than criminal in nature. *J.H.J.*, 274 S.W.3d at 806; *Harris Cnty. Dist. Att'y v. Lacafta*, 965 S.W.2d 568, 569 (Tex.App.–Houston [14th Dist.] 1997, no pet.). The petitioner seeking an expunction carries the burden of proving that all statutory requirements have been satisfied. *J.H.J.*, 274 S.W.3d at 806; *Harris Cnty. Dist. Att'y v. Hopson*, 880 S.W.2d 1, 3 (Tex.App.–Houston [14th Dist.] 1994, no writ). Neither this Court nor the trial court has any equitable power to extend the protections of the expunction statute beyond its stated provisions. *See J.H.J.*, 274 S.W.3d at 806.

Under chapter 55 of the Code of Criminal Procedure, a person may have their "records and files relating to the arrest" expunged after receiving a pardon. TEX. CODE CRIM. P. art 55.01(a)(1)(B)(i-ii) (West Supp.2015). Although it is clear that "the arrest records for the convictions for which

[the petitioner] has been pardoned" may be expunged, *see Ex parte Hernandez,* 165 S.W.3d 760, 762 (Tex.App.–Eastland 2005, no pet.), no case discusses whether the right to an expungement after a pardon includes the expungement, i.e., destruction, of the actual gubernatorial pardon proclamation itself. We believe that it does not.

**Analysis**

The Texas Constitution requires the Secretary of State to maintain and keep a record of all official acts and proceedings of the Governor.

> There shall be a Secretary of State, who shall be appointed by the Governor, by and with the advice and consent of the Senate, and who shall continue in office during the term of service of the Governor. *He shall* authenticate the publication of the laws, and *keep a fair register of all official acts and proceedings of the Governor, and shall, when required, lay the same and all papers, minutes and vouchers relative thereto, before the Legislature* or either House thereof, and shall perform such other duties as may be required of him by law. He shall receive for his services an annual salary in an amount to be fixed by the Legislature.

TEX. CONST. art. IV, § 21 (West 2007) (emphasis added). The Texas Government Code elaborates on the Secretary of State's constitutionally imposed duty, and provides:

> (a) The secretary of state shall arrange and preserve books, maps, parchments, records, documents, and papers properly deposited in the secretary of state's office and sealed with the state seal.
>
> (b) A copy of an original deposited under this section is as legal and conclusive in evidence in a state court as the original.

> (c) On request of the governor, the legislature, or a house of the legislature, the secretary of state shall furnish a copy of an original deposited under this section.

TEX. GOV'T CODE ANN. § 405.011 (West 2013).

A gubernatorial pardon is an official act of the Governor, and the Governor's power to grant such a pardon is set forth in the Texas Constitution as follows:

> In all criminal cases, except treason and impeachment, the Governor shall have power, after conviction or successful completion of a term of deferred adjudication community supervision, on the written signed recommendation and advice of the Board of Pardons and Paroles, or a majority thereof, to grant reprieves and commutations of punishment and pardons[.]

TEX. CONST. art. IV, § 11(b) (West Supp. 2015); *see also* TEX.R.CRIM. P. ANN. art. 48.01(a) (West Supp.2015) (restating same). When the Governor utilizes this constitutionally granted authority, the law requires that "he shall file in the office of the Secretary of State his reasons therefor." TEX. CODE CRIM. P. ANN art. 48.02 (West 2006). "All ... pardons[ ] shall be signed by the Governor, and certified by the Secretary of State, under the state seal...." TEX. CODE CRIM. P. ANN. art. 48.03 (West 2006).

These Constitutional provisions and other statutes were complied with in this case. The Governor granted the petitioner a pardon in which he gave his reasons for the pardon, signed the pardon, and directed that a copy of the proclamation be filed in the Office of the Secretary of State. The gubernatorial pardon proclamation has the seal of the State of Texas attached, is certified by the Secretary of State, and is maintained in the Secretary of State's of-

fice as part of the "fair register" recording of the Governor's official actions.

Nevertheless, the petitioner argues that we should interpret "records and files relating to the arrest" in the expungement statute to require the destruction of the gubernatorial pardon proclamation. The Secretary of State contends, however, that such an interpretation would infringe on his constitutionally imposed duty to preserve the official actions of the Governor. As such, he is challenging the constitutionality of the statute as applied to this particular situation. *See State ex rel. Lykos v. Fine,* 330 S.W.3d 904, 910 (Tex.Crim.App. 2011) ("A litigant raising only an 'as applied' challenge concedes the general constitutionality of the statute, but asserts that the statute is unconstitutional as applied to his particular facts and circumstances.").

 "The constitution of Texas is the fundamental law of the state; 'the supreme law of the law.'" *Byers v. Patterson,* 219 S.W.3d 514, 521 (Tex.App.–Tyler 2007, no pet.) (quoting *Oakley v. State,* 830 S.W.2d 107, 109 (Tex.Crim.App. 1992)). We must presume the constitutionality of an act of the Legislature. *Texas Pub. Bldg. Auth. v. Mattox,* 686 S.W.2d 924, 927 (Tex.1985); *Salomon v. Lesay,* 369 S.W.3d 540, 556–57 (Tex.App.–Houston [1st Dist.] 2012, no pet.). However, when the proposed application of a state statute would abridge the Texas Constitution, the statute must yield. *See Weiner v. Wasson,* 900 S.W.2d 316, 318–19 (Tex.1995); *Salomon,* 369 S.W.3d at 556–57.

If we were to agree that the expunction statute requires the destruction of the gubernatorial pardon proclamation, we would be elevating the petitioner's statutory right of expunction over the Secretary of State's constitutionally imposed duty to preserve the official acts of the Governor. This we cannot do. "In enacting a statute, it is presumed that compliance with the constitutions of this state and the United States is intended." TEX. GOV'T CODE § 311.021(1) (West 2013). Thus, we must presume that the Legislature did not intend for the expunction statute to apply to gubernatorial pardon proclamations, because to do so would contradict the constitutional requirement that such documents be preserved.

The Code Construction Act also requires that we consider the public interest over any private interest. *See* TEX. GOV'T CODE § 311.021(5) ("In enacting a statute, it is presumed that ... public interest is favored over any private interest."). Here, the petitioner certainly has a private interest in having the document at issue expunged. However, the public has an interest in knowing when the governor has exercised his pardon power. Indeed, the law requires that he give reasons for doing so, and that those reasons be recorded with the Secretary of State. TEX. CODE CRIM. P. 48.02. The Legislature's requiring of such an act would be meaningless if all persons receiving gubernatorial pardons were then able to have the document destroyed as a part of the expungement process. *See Hunter v. Fort Worth Capital Corp.,* 620 S.W.2d 547, 551 (Tex.1981) (noting cardinal rule of statutory construction that the Legislature is never presumed to do a useless or meaningless act).

Finally, we note that interpreting the expungement statute in such a way that it impinges on the Secretary of State's constitutionally imposed duties would be a violation of the separation of powers.

The Texas Constitution contains an express separation-of-powers provision:

> The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate

body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted.

Tex. Const. art. II, § 1 (West 2007). This provision is violated:

(1) when one branch of government assumes or is delegated a power "more properly attached" to another branch, or

(2) when one branch unduly interferes with another branch so that the other branch cannot effectively exercise its constitutionally assigned powers.

*Ex parte Perry*, 483 S.W.3d 884, 893 (Tex. Crim.App.2016). Here, the trial court's order compelling the Secretary of State to expunge the gubernatorial pardon proclamation interferes with the Secretary's constitutionally assigned power to preserve the document.

For these reasons, we sustain the Secretary of State's sole issue on appeal.

### CONCLUSION

We modify the trial court's expunction order to make clear that the Secretary of State is not required to expunge the gubernatorial pardon proclamation, and, as modified, we affirm.