**Luther Milton MOORE, III, Appellant,**

v.

**DALLAS COUNTY DISTRICT ATTORNEY'S OFFICE and Dallas County Sheriff's Office, Appellees.**

**No. 05–83–00593–CV.**

Court of Appeals of Texas, Dallas.

April 12, 1984.

---

Coleen A. Dunbar, Dallas, for appellant.

Henry Wade, Dist. Atty., Tom Streeter, Asst. Dist. Atty., Dallas, for appellees.

Before CARVER, GUILLOT and STEWART, JJ.

CARVER, Justice.

Moore appeals from an order denying his motion to expunge records regarding his arrest and conviction for theft over $10,000. We hold that Moore failed to meet all the statutory requirements for expunction, and we affirm the judgment.

In 1975, Luther Moore was indicted for armed robbery. This indictment was dismissed in 1977 because the State learned that Moore was not present at the commission of the robbery and there was no evidence to support a conviction as a party. Moore was then charged by information with theft over $10,000 because he exercised control over the property knowing that it was stolen. He pled guilty to this offense and was sentenced to five years. The sentence was suspended, and Moore was placed on probation for five years. In 1979, the judgment of conviction was set aside, the indictment was dismissed and Moore was discharged from probation.

Moore filed suit in 1983 contending that he was entitled to have all records of the aggravated robbery charge and the theft over $10,000 charge expunged under TEX. CODE CRIM.PROC.ANN. art. 55.01 (Vernon Supp.1984). The State did not contest the expunction of the aggravated robbery charge. However, it claimed that the theft over $10,000 charge could not be expunged because it had resulted in court ordered supervision, citing *D.P.S. v. Failla*, 619 S.W.2d 215 (Tex.Civ.App.—Texarkana 1981, no writ). The court ordered expunction of the aggravated robbery charge but refused to expunge the theft charge.

Article 55.01 sets forth a number of conditions which must exist before there is a right to expunction, including a requirement that "there was no court ordered supervision under Article 42.13 Code of Criminal Procedure." Moore points out that he served his probation under article 42.12; therefore, the State's reliance on the *Failla* case was in error as that case involved article 42.13. Further, he argues that the court's refusal to expunge the records violated the order of dismissal because it ordered that he be released from all penalties and disabilities resulting from the judgment of conviction. He contends that the continued existence of these records is a penalty and disability.

■ Because findings of facts or conclusions of law were not filed in the trial court, the judgment must be upheld on any legal theory supported by the record. *Davis v. Huey*, 571 S.W.2d 859, 862 (Tex. 1978). Article 55.01 specifically requires that all the listed conditions must be met before expunction is a right. *Texas Commission of Law Enforcement Officer Standards and Education v. Watlington*, 656 S.W.2d 666, 668 (Tex.App.—Tyler 1983, no writ). One of the conditions is that a felony information was dismissed and "the court finds that it was dismissed because the presentment had been made because of mistake, false information, or other similar reasons indicating absence of probable cause at the time of the dismissal to believe the person committed the offense." The order setting aside the indictment indicates that the only reason for doing so was Moore's satisfactory fulfillment of his probation conditions. This does not indicate an absence of probable cause for the issuance of the indictment. Therefore, as

Moore has failed to satisfy one of the express requirements of article 55.01(1) the trial court's refusal to grant his motion to expunge should be affirmed.