**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant**

v.

**J.H.J., Appellee.**

**No. 14–06–00949–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 13, 2008.

---

**45.** *Id.*

J. Francis Davis, Austin, for Appellant.

Stephen A. Doggett, Richmond, for Appellee.

Panel consists of Justices ANDERSON and BROWN, and Senior Justice HUDSON.*

## OPINION

JEFF BROWN, Justice.

The Texas Department of Public Safety appeals from a trial court judgment that expunged the arrest and probation records of appellee J.H.J. Because appellee does not meet the statutory expunction requirements, and because we have no equitable power to extend the protections the ex-

\* Senior Justice J. Harvey Hudson sitting by

punction statute affords, we must reverse the trial court's judgment and render judgment denying appellee's expunction request.

## BACKGROUND

On March 31, 2000, J.H.J. entered a plea of guilty/nolo contendere to a charge of Class B misdemeanor theft. The trial judge deferred an adjudication of J.H.J.'s guilt and imposed probation for six months pursuant to article 42.12, section 5 of the Texas Code of Criminal Procedure. After J.H.J. completed the conditions placed on him under the trial court's probation order, the criminal trial court discharged him from probation and dismissed the prosecution against him.

J.H.J. later graduated from college but nonetheless has encountered difficulty in securing employment because, he contends, potential employers are wary of his arrest record. Therefore, in May 2004, he filed an expunction petition in the civil trial court asking that his arrest and records be expunged. During the pendency of the expunction proceedings, J.H.J. obtained the following nunc pro tunc order from the criminal trial court:

> On this the 10th day of August, 2000, came to be heard the defendant's Motion for Discharge From Probation And Dismissal of Cause, and it appears to the Court that this motion should be granted.
>
> IT IS THEREFORE ORDERED that said period be declared to have terminated and the defendant discharged from probation, that the defendant is permitted to withdraw his plea, that this prosecution be dismissed, and that the defendant is released from all penalties and disabilities resulting from the offense.

assignment.

After reviewing the nunc pro tunc discharge order, the civil trial court granted J.H.J.'s request and ordered the expunction of his arrest records. The Department of Public Safety appealed, contending that J.H.J. does not satisfy the statutory expunction requirements. We reverse and render judgment that the expunction request be denied.

## STANDARD OF REVIEW

We review a trial court's ruling on a petition for expunction under the abuse-of-discretion standard. *Heine v. Tex. Dep't of Pub. Safety,* 92 S.W.3d 642, 646 (Tex. App.-Austin 2002, pet. denied). A trial court abuses its discretion if it renders a decision that is arbitrary, unreasonable, and without reference to guiding rules and principles. *Mercedes–Benz Credit Corp. v. Rhyne,* 925 S.W.2d 664, 666 (Tex.1996). We review a trial court's factual findings for sufficiency of the evidence, using the same standards that are applied in reviewing a jury's answer. *Harris County Dist. Att'y v. Lacafta,* 965 S.W.2d 568, 570 (Tex. App.-Houston [14th Dist.] 1997, no pet.); *Catalina v. Blasdel,* 881 S.W.2d 295, 297 (Tex.1994). Where, as here, the trial court makes no separate findings of fact, we will draw every reasonable inference that is supported by the record in favor of the trial court's judgment. *See Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990). By contrast, a trial court's legal conclusions are reviewed de novo. *See State v. Heal,* 917 S.W.2d 6, 9 (Tex.1996). Therefore, we exercise our own judgment and determine each legal issue. *Quick v. City of Austin,* 7 S.W.3d 109, 116 (Tex.1998). We will uphold a trial court's legal conclusions if its judgment is sustainable on any legal theory supported by the evidence. *Waggoner v. Morrow,* 932 S.W.2d 627, 631 (Tex.App.-Houston [14th Dist.] 1996, no writ).

## EXPUNCTION

Expunction is neither a constitutional nor common-law right, but a statutory privilege. *McCarroll v. Tex. Dep't of Pub. Safety,* 86 S.W.3d 376, 378 (Tex.App.-Fort Worth 2002, no pet.). Although the expunction statute is located in the Texas Code of Criminal Procedure, an expunction proceeding is civil rather than criminal in nature. *Lacafta,* 965 S.W.2d at 569. The petitioner therefore carries the burden of proving that all statutory requirements have been satisfied. *Harris County Dist. Attorney's Office v. Hopson,* 880 S.W.2d 1, 3 (Tex.App.-Houston [14th Dist.] 1994, no writ). A person's entitlement to expunction arises only after all statutory conditions have been met. *Id.; Lacafta,* 965 S.W.2d at 569. The trial court must strictly comply with the statutory requirements, and has no equitable power to extend the protections of the expunction statute beyond its stated provisions. *See id.; Harris County Dist. Attorney's Office v. M.G.G.,* 866 S.W.2d 796, 798 (Tex.App.-Houston [14th Dist.] 1993, no writ).

J.H.J. sought expunction under Article 55.01(a)(2) of the Code of Criminal Procedure, which provides as follows:

A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if ... each of the following conditions exist:

(A) an indictment or information charging the person with commission of a felony has not been presented against the person for an offense arising out of the transaction for which the person was arrested ...;

(B) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending *and there was no court ordered commu-*

*nity supervision under Article 42.12 for any offense other than a Class C misdemeanor;* and

(C) the person has not been convicted of a felony in the five years preceding the date of the arrest.

Tex.Code Crim. Proc. Ann. art. 55.01(a)(2) (Vernon 2006) (emphasis added). The Department does not contest that J.H.J. satisfies subsections (A) and (C); he was charged with a Class B misdemeanor, and no felony indictment was presented against him. *See id.* art. 55.01(a)(2)(A). In addition, J.H.J. has not been convicted of a felony in the five years preceding the date of the arrest. *See id.* art. 55.01(a)(2)(C).

Rather, the Department's sole contention is that, because J.H.J. received court-ordered community supervision pursuant to article 42.12 of the Code of Criminal Procedure, he does not satisfy the statutory requirements for expunction of his arrest records. *See id.* art. 55.01(a)(2)(B). J.H.J. generally acknowledges that he does not meet the article 55.01 expunction requirements. Under the reasoning of *Cuellar v. State,*[1] however, he argues that the nunc pro tunc discharge order operates as a "judicial clemency" discharge and, in effect, removes the only obstacle standing in his path to expunction. We disagree with J.H.J.'s expansive reading of *Cuellar.*

### JUDICIAL CLEMENCY UNDER *CUELLAR v. STATE*

In 1976, Rudy Cuellar pled guilty to the felony offense of heroin possession. *Cuellar,* 70 S.W.3d at 816. He was placed on community supervision and, after he completed it, the trial court set aside Cuellar's conviction and dismissed the indictment against him. *See id.* Twenty years later,

Cuellar was arrested, indicted, and convicted for "unlawful possession of a firearm by a felon." *See id.* at 816–17. Cuellar argued on appeal that because his 1976 conviction was set aside, there was no underlying felony conviction to support the 1996 conviction, which requires, as one of its elements, a previous felony conviction. *See id.* at 817. The Texas Court of Criminal Appeals agreed with Cuellar and held that article 42.12, section 20(a) creates "two entirely different types of 'discharge' from felony community supervision." *Id.* at 818.

■ In the "usual method" of discharge, which encompasses the vast majority of felony probation sentences, a person who completes community service is still considered a convicted felon. *Id.* However, section 20(a) also includes a "second, less common type of discharge":

> This second type of discharge is not a right but rather is a matter of "judicial clemency" within the trial court's sole discretion. That is, when a trial judge believes that a person on community supervision is completely rehabilitated and is ready to re-take his place as a law-abiding member of society, the trial judge *may* "set aside the verdict or permit the defendant to withdraw his plea, and shall dismiss the accusation, complaint, information or indictment against the defendant, who shall thereafter be released from all penalties and disabilities resulting from the offense or crime of which he has been convicted or to which he has pleaded guilty." These words are crystal clear. There is no doubt as to their meaning. If a judge chooses to exercise this judicial clemency provision, the conviction is wiped away, the indictment dismissed, and the person is free to walk away from the

---

1. 70 S.W.3d 815 (Tex.Crim.App.2002).

courtroom "released from all penalties and disabilities" resulting from the conviction.

*Id.* at 818–19 (citations omitted). Accordingly, the Court of Criminal Appeals held that, because Cuellar's felony conviction was set aside as a "judicial clemency" discharge, he was no longer a convicted felon. *See id.* at 820.

J.H.J.'s nunc pro tunc discharge order fairly tracks the language of the clemency-discharge provision in section 20(a), which permits (1) the withdrawal of the defendant's plea, (2) the dismissal of the indictment, and (3) the defendant's release from all penalties and disabilities resulting from the offense. *See* Tex.Code Crim. Proc. art. 42.12, § 20(a) (Vernon 2006 & Supp. 2008). J.H.J. contends that, although he is not statutorily eligible for expunction, this article 42.12 clemency-discharge order trumps the expunction provisions of article 55.01. Resolution of this issue, then, requires us to interpret and harmonize two separate articles of the Code of Criminal Procedure.

## STATUTORY INTERPRETATION

■ In Texas, it is well established that if provisions of the same statute appear to conflict, courts should harmonize them to effectuate both by assigning each a meaning that will permit both to stand. *See Helena Chem. Co. v. Wilkins,* 47 S.W.3d 486, 493 (Tex.2001). Thus, to the extent possible, we must harmonize separate articles from the Texas Code of Crim-

inal Procedure. *See, e.g., State v. Alley,* 137 S.W.3d 866, 868 (Tex.App.-Houston [1st Dist.] 2004), *aff'd,* 158 S.W.3d 485 (Tex.Crim.App.2005). Accordingly, we should not assign a meaning to one statutory provision that would be inconsistent with other provisions of the same act even if the provision, standing alone, might be susceptible to such a construction. *See Tex. Dep't of Transp. v. Needham,* 82 S.W.3d 314, 318 (Tex.2002). Similarly, when a general statutory provision conflicts with a more specific provision, both provisions should be construed so as to effectuate both. *See* Tex. Gov't Code Ann. § 311.026(a) (Vernon 2005). Only in the event that the statutes are irreconcilable will the more specific version prevail. *See City of Dallas v. Mitchell,* 870 S.W.2d 21, 22 (Tex.1994). However, we believe that articles 42.12 and 55.01 can be reconciled, such that the removal of *criminal* "penalties and disabilities" that follows a clemency discharge does not necessarily confer entitlement to the *civil* remedy of expunction.

■ On its face, the nunc pro tunc discharge order recites that J.H.J. received court-ordered probation; therefore, J.H.J. does not satisfy the statutory requirements for expunction. *See* Tex.Code Crim. Proc. art. 55.01(a)(2)(B);[2] *Tex. Dep't of Pub. Safety v. Jacobs,* 250 S.W.3d 209, 211 (Tex.App.-Dallas 2008, no pet.). Were we to adopt J.H.J.'s proposed interpretation of article 42.12, we would necessarily ignore the article 55.01 proscription

---

**2.** J.H.J.'s discharge order recites that he was ordered to "probation." In 1999, the Legislature amended article 55.01(a)(2)(B) to replace the word "probation" with "community supervision." *See* Act of May 30, 1999, 76th Leg., R.S., ch. 1236, § 1, 1999 Tex. Gen. Laws 4279; *see also* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 4.04(a), 1993 Tex. Gen. Laws 3586, 3743 ("[A] reference in the law to 'probation' or 'deferred adjudication' means

'community supervision[.]' "); *Hoffman v. State,* 922 S.W.2d 663, 667 n. 3 (Tex.App.-Waco 1996, pet. ref'd); *Tex. Dep't of Pub. Safety v. Wallace,* 63 S.W.3d 805, 807 (Tex. App.-Austin 2001, no pet.) ("Misdemeanor deferred-adjudication constitutes 'court ordered community supervision' under article 42.12 for purposes of the expunction statute and renders a defendant ineligible for expunction of arrest records.").

against expunction following community supervision. We should not adopt an interpretation that creates a conflict between these two statutes. *See Helena Chem. Co.,* 47 S.W.3d at 493.

J.H.J.'s interpretation also would create an irreconcilable conflict between articles 42.12 and 55.02. Article 55.02 mandates the destruction of arrest records within one year of an expunction order. *See* Tex. Code Crim. Proc. art. 55.02, § 5(d) (Vernon 2006 & Supp.2008). Yet article 42.12 contemplates that the defendant's arrest records must be maintained for possible future use in at least two scenarios. First, if the defendant later is convicted of another criminal offense, the defendant's previous conviction or guilty plea "shall be made known to the judge." *See id.* art. 42.12, § 20(a)(1). Second, the Texas Department of Human Services may consider a defendant's previous arrest in deciding whether to issue, renew, deny, or revoke a childcare license. *See id.* § 20(a)(2). Because article 42.12, section 20(a), requires that arrest records be *kept* for those purposes, we do not read that statute as inconsistently promoting the *destruction* of those records pursuant to expunction. We will interpret this statute so as to give effect to every part, including the clause that requires the retention of a defendant's arrest records. *See Mid–Century Ins. Co. of Tex. v. Ademaj,* 243 S.W.3d 618, 621 (Tex.2007); *City of Houston v. Fletcher,* 63 S.W.3d 920, 922 (Tex.App.-Houston [14th Dist.] 2002, no pet.).

To properly harmonize both statutes, then, we hold that a person's release from the "penalties and disabilities" of a criminal offense does not entitle that person to expunction, which is a civil privilege granted to eligible citizens. *See Campbell v. Tex. Dep't of Pub. Safety,* No. 03–02–00604–CV, 2003 WL 22037277, at *2 n. 1 (Tex.App.-Austin Aug.29, 2003, no

pet.) (mem.op.) (noting that *Cuellar* involved a penal, not civil, statute). As we previously held in *Brooks v. Harris County District Attorney's Office,* one who receives community supervision is not eligible for expunction, regardless of the type of section 20(a) discharge he receives. *Brooks,* No. 14–04–00017–CV, 2004 WL 2381553, at *2 (Tex.App.-Houston [14th Dist.] Oct. 26, 2004, no pet.) (mem.op.).

## *STARE DECISIS*

Generally, we adhere to our precedents pursuant to the doctrine of *stare decisis,* because consistency promotes efficiency, fairness, and legitimacy. *See Weiner v. Wasson,* 900 S.W.2d 316, 320 (Tex.1995). If we did not follow our own decisions, we would not be giving due consideration to litigants' settled expectations because no issue ever could be considered truly resolved. *See id.* In addition, the legitimacy of the judiciary rests in significant part "upon a stable and predictable decision-making process." *Id.* Stare decisis carries even more weight in cases involving statutory construction, because the Legislature may correct perceived construction errors through statutory amendment. *See Fiess v. State Farm Lloyds,* 202 S.W.3d 744, 749–50 (Tex.2006); *Grimes County Bail Bond Bd. v. Ellen,* 267 S.W.3d 310, 315–16 (Tex.App.-Houston [14th Dist.], pet. filed).

In 2004, after *Cuellar* was issued, we were asked to decide whether expunction could follow a section 20(a) clemency order that terminated the defendant's probation, set aside his conviction, permitted him to withdraw his plea, and dismissed the indictment. *Brooks,* 2004 WL 2381553, at *1. The petitioner in *Brooks* conceded that he was placed on probation but argued that, because he received a clemency discharge, the "probation never happened." *See id.* at *2. We concluded that expunction was unavailable: "The [discharge] or-

der confirms that probation was imposed upon appellant. Therefore, appellant is unable to satisfy condition (B) of article 55.01(a)(2)." *Id.* As in *Brooks,* the nunc pro tunc discharge order recites that J.H.J. was to be "discharged from probation." We re-affirm our holding in *Brooks* that, even where the trial court issues a clemency-discharge order, expunction remains unavailable to a person who pleads guilty and receives court-ordered community supervision.[3] *See id.* at *3. Although *Brooks* did not discuss *Cuellar,* we find *Cuellar*—which was not an expunction case—to be distinguishable.

At the expunction hearing, J.H.J.'s counsel relied heavily upon *Cuellar.* In the *Cuellar* dissent, however, Justice Keasler noted that—notwithstanding the broad language of section 20(a) releasing the defendant "from all penalties and disabilities"—the consequences of such a dismissal "are quite limited":

> [Section] 20 "operates to restore civil rights—to vote, serve on juries, and hold public office—that were lost by the conviction or accusation of crime. *However, the dismissal is not an expunction* and does not preclude other collateral consequences of a criminal conviction."
>
> A review of other statutes confirms this. Significantly, regardless of the language of [section] 20 removing "all penalties and disabilities," there are a number of statutes which impose various restrictions on a person who has successfully completed his community supervision.....
>
> ... For the rest of his life, this person cannot be a bail bond surety or a peace

officer, *cannot get his record expunged,* and cannot obtain a license to carry a concealed handgun.

*Cuellar,* 70 S.W.3d at 834–35 (Keasler, J., dissenting) (citations omitted) (emphasis added). Finally, we note that the legislative purpose for the expunction statute supports our statutory interpretation here.

## LEGISLATIVE PURPOSE

 Even though a statute may be clear and unambiguous, we may consider the legislative objectives in enacting the statute. *In re Canales,* 52 S.W.3d 698, 702 (Tex.2001) (orig.proceeding). According to the Texas Supreme Court, the expunction statute was not designed "to allow a person who is arrested, pleads guilty to an offense, and receives probation pursuant to a guilty plea" to expunge such records. *Harris County Dist. Attorney's Office v. J.T.S.,* 807 S.W.2d 572, 574 (Tex.1991). Further, the public maintains an "important interest" in maintaining arrest records for use in subsequent punishment proceedings, and to document and deter recidivism. *See id.*

 We are appropriately wary of elevating form over substance. *See Higgins v. Randall County Sheriff's Office,* 257 S.W.3d 684, 688 (Tex.2008); *Verburgt v. Dorner,* 959 S.W.2d 615, 617 (Tex.1997); *In re Att'y Gen. of Tex.,* 162 S.W.3d 739, 742 (Tex.App.-Houston [14th Dist.] 2005, orig. proceeding). We believe that the right to seek expunction of one's arrest records, which is governed by strict statutory requirements, should not turn upon whether the trial court uses "magic words"

---

**3.** Similarly, the Fifth Court of Appeals—before *Cuellar* recognized a distinction among section 20(a) discharge orders—disallowed expunction despite an apparent clemency-discharge order that released the petitioner from "all penalties and disabilities resulting from the judgment of conviction." *See Moore v.*

*Dallas County Dist. Attorney's Office,* 670 S.W.2d 727, 728 (Tex.App.-Dallas 1984, no writ). The appellate court nonetheless required the petitioner to strictly satisfy all of the statutory requirements before expunction could be granted. *See id.* at 728–29.

in its discharge order. *See generally Deep Nines, Inc. v. McAfee, Inc.*, 246 S.W.3d 842, 846 (Tex.App.-Dallas 2008, no pet.) (declining to "decide cases based on the inclusion or omission of 'magic words' "); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex.2001) (deciding judgment finality without reference to use or absence of "Mother Hubbard" clause). But J.H.J. would have us do just that—create an exception that could be conjured by a particular incantation, despite the Legislature's clear intent that no such exception be given.

For all of these reasons, we will sustain appellant's sole issue.

### CONCLUSION

Although J.H.J. presents an equitable case for expunction of his arrest records, we have no equitable power to extend the expunction statute beyond its stated availability. *See Lacafta*, 965 S.W.2d at 569. We note that the Legislature has provided the separate legal remedy of non-disclosure for rehabilitated persons who, like J.H.J., seek to seal previous arrest records from public eyes.[4] *See* Tex. Gov't Code Ann. § 411.081 *et seq.* (Vernon Supp. 2007). However, that J.H.J. may be entitled to have his arrest records *sealed* does not legally entitle him to have them *destroyed.*

Accordingly, we reverse the September 22, 2006 judgment in cause number 04–CV–136361, and render judgment denying expunction.

---

4. During the expunction hearing, the Fort Bend Assistant District Attorney observed that non-disclosure would be a foregone conclusion for J.H.J.