**Petition for Writ of Mandamus Denied and Memorandum Opinion filed May 7, 2013.**



**In The**

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

---

**NO. 14-13-00359-CR**
**NO. 14-13-00360-CR**
**NO. 14-13-00361-CR**
**NO. 14-13-00362-CR**
**NO. 14-13-00363-CR**
**NO. 14-13-00364-CR**
**NO. 14-13-00365-CR**
**NO. 14-13-00366-CR**

---

**IN RE KERRY BEAL, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**On Appeal from the 268th District Court**
**Fort Bend County, Texas**
**Trial Court Cause Nos. 12DCR059320, 12DCR059320A, 12DCR059320B, 12DCR059451, 12DCR059451A, 12DCR059451B, 12DCR060479 & 12DCR060479A**

**MEMORANDUM OPINION**

On April 26, 2013, relator Kerry Beal filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. §22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this court to compel the Honorable Brady Elliott, presiding judge of the 268th District Court of Fort Bend County, to rule on his pro se motion requesting removal of his appointed attorney and appoint a substitute attorney.

In his petition, relator identified eight trial court cause numbers. Relator recognizes that he is not entitled to hybrid representation in a criminal case, but alleges the underlying proceeding is an expunction proceeding, which is civil in nature. *See Texas Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.). However, the cause numbers listed by relator involve criminal cases for arson, attempted murder, and aggravated assault. *See Beal v. State*, Nos. 14-12-00985-CR; 14-12-00986-CR; 14-12-00987-CR; 14-12-00988-CR; 14-12-00989-CR; 14-12-00990-CR; and 14-12-00994-CR 2012 WL 5868953, (Tex. App.—Houston [14th Dist.] Nov. 20, 2012, no pet.) (not designated for publication).

To be entitled to mandamus relief in a criminal case, a relator must show that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). Consideration of a motion that is properly filed and before the court is a ministerial act. *State ex rel.*

2

*Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding). A relator must establish the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed to do so. *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding); *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding) (relator must show that trial court received, was aware of, and was asked to rule on motion).

Relator's petition reveals that counsel has been appointed to represent him in the criminal proceedings. A criminal defendant is not entitled to hybrid representation; whether to allow representation partially by counsel and partially pro se is within the trial court's discretion. *See Robinson v. State,* 240 S.W.3d 919, 922 (Tex. Crim. App. 2007); *Scarbrough v. State*, 777 S.W.2d 83, 92 (Tex. Crim. App. 1989). A trial court has no legal duty to rule on pro se motions or petitions filed with regard to a criminal proceeding in which the defendant is represented by counsel. *See Robinson,* 240 S.W.3d at 922. Consequently, the trial court did not have a legal duty to rule on relator's requests for hearings or motions.

With respect to relator's complaints regarding his counsel, a trial court's discretionary decision to deny hybrid representation cannot be reviewed by mandamus, and an appeal provides an adequate remedy for any denial of relator's right to self-representation. *E.g.*, *Alford v. State*, 367 S.W.3d 855 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd) (reversing conviction based on denial of right to self-representation); *In re McIntosh*, No. 04-12-00303-CR, 2012 WL 2125929, at *1 (Tex. App.—San Antonio June 13, 2012, orig. proceeding) (mem. op., not designated for publication); *In re Bohannan*, No. 09-11-00684-CV, 2011

3

WL 6747468, at *1 (Tex. App.—Beaumont Dec. 21, 2011, orig. proceeding) (mem. op., not designated for publication).

For these reasons, we deny relator's petition for writ of mandamus.


PER CURIAM


Panel consists of Justices Brown, Boyce, and McCally.

Do Not Publish — Tex. R. App. P. 47.2(b).