**Reversed and Rendered and Memorandum Opinion filed October 22, 2013.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-12-00585-CV

_____

### TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant

### V.

### BRIAN DANIEL GRAHAM, Appellee

**On Appeal from the 21st District Court
Washington County, Texas
Trial Court Cause No. 34864**

## M E M O R A N D U M   O P I N I O N

Appellant, the Texas Department of Public Safety (DPS), brings a restricted appeal of the trial court's order granting Brian Daniel Graham's petition for expunction as to the misdemeanor offense of theft of property by check. DPS contends the trial court erred when it granted Graham's petition because Graham failed to establish he was entitled to expunction given that he served a term of deferred adjudication for the offense. Because we conclude Graham failed to

prove he was entitled to expunction, we hold the trial court abused its discretion when it granted his petition for expunction. Therefore, we reverse the trial court's judgment expunging Graham's records and render judgment denying Graham's petition for expunction.

## BACKGROUND

Graham was arrested in 1997 and charged with the Class B misdemeanor of theft of property by check where the value of the property was at least $20 but less than $500. *See* Tex. Penal Code Ann. § 31.03(e)(2)(A)(ii) (West 2011). Graham eventually pleaded no contest to the offense and the trial court placed him on deferred adjudication for six months and imposed various terms and conditions of community supervision. Graham was arrested in 1998 for allegedly violating his parole by failing to report by mail to his supervision officer, but this charge was never prosecuted. Graham went on to complete his deferred adjudication.

Graham eventually filed a sworn petition pursuant to chapter 55 of the Code of Criminal Procedure, seeking an expunction of all records and files related to the theft by check offense. *See* Tex. Code Crim. Proc. Ann. arts. 55.01–.03 (West 2006). In his petition, Graham admitted he had received deferred adjudication but claimed he was still entitled to an expunction because he had successfully completed his deferred adjudication.

DPS was served with Graham's petition and filed an answer asserting a general denial and the affirmative defense that Graham was barred from expunging the records related to his arrest for theft of property by check because he had pleaded no contest and received deferred adjudication. The trial court held a hearing on Graham's petition for expunction, and DPS did not appear. Graham did not present any testimony or other evidence at the hearing. The trial court signed an order granting Graham's petition for expunction on December 20, 2011. DPS

2

filed a notice of restricted appeal on June 20, 2012.

## ANALYSIS

DPS brings a single issue in this restricted appeal. In that issue, DPS contends the trial court erred in granting Graham's petition for expunction because he was not eligible for expunction because he served a term of deferred adjudication for the offense he sought to expunge. We agree with DPS.

## I.    The applicable law and standard of review

Expunction is neither a constitutional nor common law right, but a statutory privilege. *Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W. 3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Where a cause of action is created by statute, all of its provisions are mandatory and exclusive, requiring strict compliance for the action to be sustained. *Id.* The trial court has no power to extend equitable relief beyond the clear meaning of Article 55.01 of the Code of Criminal Procedure. *Id.* Even though the expunction statute is situated in the Code of Criminal Procedure, an expunction proceeding is civil in nature; as a result, the petitioner carries the burden of proving that all statutory conditions have been met. *Id.*

An appellate court reviews a trial court's ruling on a petition for expunction under an abuse of discretion standard. *Id.* The trial court abuses its discretion when its decision is arbitrary, unreasonable, or without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). The trial court may also abuse its discretion if it fails to analyze or apply the law correctly. *In re Columbia Med. Ctr.*, 306 S.W.3d 246, 248 (Tex. 2010) (orig. proceeding) (per curiam).

3

To challenge an expunction order successfully through a restricted appeal, a party must establish that (1) the party filed a notice of restricted appeal within six months after the judgment was signed, (2) it was a party to the underlying suit, (3) the party did not participate in the hearing that resulted in the judgment that is the subject of the restricted appeal, and (4) error is apparent on the face of the record. *See In re K.M.*, 401 S.W.3d 864, 865 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Tex. Dep't of Pub. Safety v. Jacobs*, 250 S.W.3d 209, 210 (Tex. App.—Dallas 2008, no pet.). The face of the record includes all papers on file in the appeal, including the clerk's record and the reporter's record. *Id.* Because it is clear from the record that DPS meets the first three requirements, we address only whether the face of the record establishes that Graham was not entitled to an expunction of the records related to the theft of property by check charge.

**II.     Graham did not meet his burden to prove that all statutory conditions had been met to permit expunction of the records related to his arrest for theft of property by check.**

Pursuant to article 55.01(a)(2), a person who has been placed under custodial or non-custodial arrest for the commission of a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if "the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Article 42.12 for the offense." Tex. Code Crim. Proc. Ann. art. 55.01(a)(2). In his sworn petition, Graham admitted he served a term of deferred adjudication. DPS, in its answer, attached a copy of Graham's Deferred Adjudication Judgment that resulted from his no contest plea. Thus, the face of the record reveals that Graham served a term of community supervision under article 42.12 of the Code of Criminal Procedure, and Graham failed to establish that he meets all of the statutory requirements for an expunction of the theft of property by check charge

4

under article 55.01.  *See* Tex. Code Crim. Proc. Ann. arts. 42.12 § 5, 55.01(a)(2).

Because Graham does not meet all of the statutory requirements for expunction, we hold the trial court abused its discretion when it expunged all records related to Graham's arrest for theft of property by check.  *Tex. Dep't of Pub. Safety v. Foster*, 398 S.W.3d 887, 890–91 (Tex. App.—Dallas 2013, no pet.). We sustain DPS's single issue on appeal.

## CONCLUSION

Having sustained DPS's issue on appeal, we reverse the trial court's judgment expunging Graham's records and render judgment denying his petition for expunction.  *J.H.J.*, 274 S.W.3d at 811.


/s/    J. Brett Busby
Justice


Panel consists of Justices Boyce, Jamison, and Busby.