**Opinion filed September 4, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00158-CV

_____

## EX PARTE JERRY H. BROSEH

**On Appeal from the 161st District Court**
**Ector County, Texas**
**Court Cause No. B-134,853**

## MEMORANDUM OPINION

Jerry H. Broseh appeals the trial court's denial of his petition for expunction of the record of his burglary conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01 (West Supp. 2013). We affirm.

### I. *Background*

In November 1964, Appellant was indicted for the offense of burglary with intent to commit theft. Appellant pleaded "guilty" to the charged offense. Appellant was eventually convicted of the offense and sentenced to confinement for five years. In January 2013, Appellant filed a petition to expunge his burglary

conviction. After hearing evidence on the matter via teleconference, the trial court denied Appellant's petition. This appeal followed.

## II. *Issues Presented*

Through two issues on appeal, Appellant argues (1) that the trial court erred when it denied his petition for expunction and (2) that he suffered harm and a delay of justice when the State misled the trial court at the hearing on his petition.

## III. *Standard of Review*

The right to expunction is statutory; courts have no equitable power to expunge records. *Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.). We review a trial court's ruling on a petition for expunction for an abuse of discretion. *Rodriguez v. State*, 224 S.W.3d 783, 784 (Tex. App.—Eastland 2007, no pet.); *Ex parte Reed*, 343 S.W.3d 306, 308 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

## IV. *Analysis*

Appellant contends in his first issue that the trial court erred when it denied his petition to expunge his burglary conviction because the indictment by which the State charged him with that offense was "fundamentally defective on its face." Appellant claims that the allegations in the indictment were not sufficient to adequately describe the stolen property because those allegations contained only the general phrase "corporeal personal property."

The Texas Code of Criminal Procedure provides a statutory right to the expunction of criminal records under certain circumstances. *See* CRIM. PROC. art. 55.01. An expunction proceeding is civil rather than criminal in nature, and the petitioner bears the burden of proving that all statutory requirements have been satisfied. *In re A.G.*, 388 S.W.3d 759, 761 (Tex. App.—El Paso 2012, no pet.); *Ex parte Green*, 373 S.W.3d 111, 113 (Tex. App.—San Antonio 2012, no pet.).

Even if we were to agree with Appellant's argument that the indictment in this case was defective, which we do not, Appellant has failed to prove that the indictment was dismissed or quashed prior to his conviction. *See* CRIM. PROC. art. 55.01(a)(2)(A)(ii) (stating conditions of expunction include "the person has been released and the charge, if any, has not resulted in a final conviction" and that "the indictment . . . was dismissed or quashed"); *Ex parte Cephus*, 410 S.W.3d 416, 420 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ("Even if a void indictment is shown, the expunction statute still requires that the indictment must have been dismissed or quashed prior to conviction."). Appellant, therefore, failed to meet the requirements of Article 55.01, and the trial court was required to deny his petition. *See J.H.J.*, 274 S.W.3d at 806. Appellant's first issue is overruled.

In his second issue, Appellant complains that he suffered harm and a delay of justice when the State misled the trial court at the hearing on his petition for expunction. The State's behavior at the hearing is not relevant to our determination as to whether the trial court erred when it denied the petition. Thus, we conclude that the trial court did not abuse its discretion when it denied Appellant's petition for expunction. Appellant's second issue is overruled.

## V. *This Court's Ruling*

We affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE


September 4, 2014

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.