

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-21-00085-CV

**EX PARTE J.C.F.** Jr.

From the 81st Judicial District Court, Atascosa County, Texas
Trial Court No. 20-07-0624-CVA
Honorable Walden Shelton, Judge Presiding[1]

Opinion by:  Patricia O. Alvarez, Justice

Sitting:  Rebeca C. Martinez, Chief Justice
Patricia O. Alvarez, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: March 9, 2022

REVERSED AND RENDERED

In this restricted appeal, the Texas Department of Public Safety argues the trial court erred by granting J.C.F.'s petition for expunction because J.C.F. received court-ordered community supervision. J.C.F. contends that (1) the Department did not qualify for a restricted appeal and (2) because the trial court granted him judicial clemency, it could also order the records of his arrest expunged. Because the Department met the requirements for a restricted appeal and the face of the record shows J.C.F. was not entitled to have all records relating to his arrest expunged, we reverse the trial court's Order of Expunction and render judgment denying J.C.F.'s petition.

---

[1] The Honorable Lynn Ellison is the presiding judge of the 81st District Court. The Honorable Walden Shelton, sitting by assignment, signed the expunction order.

## BACKGROUND

In 2018, J.C.F. was arrested and charged by information with securing the execution of documents by deception where the value of the pecuniary interest was more than $2,500 and less than $30,000; the offense is a state jail felony. *See* TEX. PENAL CODE ANN. § 32.46.

In March 2019, J.C.F. pled *nolo contendere*, and the trial court[2] placed him on deferred adjudication with a three-year period of community supervision, a fine of $2,000.00, court costs of $220.00, and restitution of $20,193.74.

In May 2020, J.C.F. moved for early discharge from his community supervision. His motion stated that he had immediately paid the entire amount for restitution and, over the ensuing months, he paid all court costs, fees, and fines, and he successfully completed all the terms of his community supervision. The trial court[3] granted J.C.F.'s motion and ordered his early discharge from community supervision.

In July 2020, J.C.F. petitioned for expunction of all records and files relating to his arrest. The trial court[4] granted his petition, and the Department filed this restricted appeal.

## PARTIES' ARGUMENTS

The Department argues J.C.F. was not entitled to expunction of the records relating to his arrest because he did not meet the statutory requirements. Specifically, the trial court ordered community supervision for J.C.F., and article 55.01(a)(2) excludes J.C.F. from the privilege of expunction. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2). Therefore, the Department argues, the trial court misconstrued the statute, and it erred when it granted J.C.F.'s petition for expunction.

---

[2] The Honorable Russell Wilson, presiding judge of the 218th District Court, signed the March 25, 2019 order of deferred adjudication.

[3] The Honorable Lynn Ellison, presiding judge of the 81st District Court, signed the June 2, 2020 order of early discharge from community supervision.

[4] The Honorable Walden Shelton, a visiting judge, signed the October 27, 2020 expunction order.

In response, J.C.F. contends that (1) the Department did not qualify for a restricted appeal and (2) because the trial court granted him judicial clemency, it could also order the records and files relating to his arrest expunged.

Before we address the order granting J.C.F.'s petition for expunction, we will address our jurisdiction in this restricted appeal.

### RESTRICTED APPEAL

A restricted appeal is a direct attack on a judgment or order which is available under certain conditions. *Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam).

> To sustain a proper restricted appeal, the filing party must prove: (1) she filed notice of the restricted appeal within six months after the judgment was signed; (2) she was a party to the underlying lawsuit; (3) she did not participate in the hearing that resulted in the judgment complained of, and [she] did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record.

*Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014) (per curiam) (citing *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004)); *accord Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020); *see also* TEX. R. APP. P. 30.

"[A]lthough the first three requirements for a restricted appeal are jurisdictional, the fourth is not. An appellant who satisfies the first three requirements establishes the court's jurisdiction and must then establish error from the face of the record to prevail in the restricted appeal." *Ex parte E.H.*, 602 S.W.3d at 497; *accord Sherrard v. SignAd, Ltd.*, 637 S.W.3d 192, 195 (Tex. App.—Houston [14th Dist.] 2021, no pet.).

Here, the record conclusively establishes the three jurisdictional requirements for a restricted appeal. *See Ex parte E.H.*, 602 S.W.3d at 497 (holding that only "the first three requirements for a restricted appeal are jurisdictional").

First, the trial court signed the expunction order on October 27, 2020, and the Department filed its notice of restricted appeal on March 10, 2021, which was within six months after the order was signed. *See Pike-Grant*, 447 S.W.3d at 886.

Second, the Department was a party to the underlying lawsuit. *See id.*

And third, the Department did not participate in the hearing on J.C.F.'s petition for expunction. *See id.*

We have jurisdiction in this appeal.

### PETITION FOR EXPUNCTION

We turn now to the trial court's order granting J.C.F.'s petition for expunction.

**A.      Standard of Review**

"We review a trial court's ruling on an expunction petition under an abuse-of-discretion standard." *Ex parte E.H.*, 602 S.W.3d at 489; *accord State v. T.S.N.*, 547 S.W.3d 617, 620 (Tex. 2018). However, "[u]nder the abuse of discretion standard, appellate courts afford no deference to the trial court's legal determinations because a court has no discretion in deciding what the law is or in applying it to the facts." *T.S.N.*, 547 S.W.3d at 620; *accord Ex parte E.H.*, 602 S.W.3d at 489 (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)).

**B.      Expunction as a Statutory Civil Remedy**

"Expunction is a civil remedy governed by Article 55.01 of the Texas Code of Criminal Procedure." *Ex parte R.P.G.P.*, 623 S.W.3d 313, 316 (Tex. 2021); *accord Ex parte E.H.*, 602 S.W.3d at 489. Article 55.01(a) establishes specific requirements for the privilege:

> (a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
>
>      . . .

(2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and *there was no court-ordered community supervision* under Chapter 42A for the offense . . . .

TEX. CODE CRIM. PROC. ANN. art. 55.01(a) (emphasis added); *accord Ex parte R.P.G.P.*, 623 S.W.3d at 316.

To qualify for the privilege, the petitioner must prove he has met all the statutory requirements. *Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *Ex parte Guajardo*, 70 S.W.3d 202, 205 (Tex. App.—San Antonio 2001, no pet.).

"Because the remedy is a privilege defined by the Legislature, and not a constitutional or common-law right, the statutory requirements are mandatory and exclusive and cannot be equitably expanded by the courts." *Ex parte R.P.G.P.*, 623 S.W.3d at 316; *accord Ex parte E.H.*, 602 S.W.3d at 489.

## C.     Discussion

The Department does not argue that the trial court lacked authority to grant "judicial clemency" under article 42A.701, but it contends the trial court had no corresponding equitable authority to grant J.C.F.'s petition for expunction. It insists that because the record conclusively establishes that J.C.F. was subject to court-ordered community supervision, and article 55.01(a)(2) expressly excludes from the expunction privilege anyone—such as J.C.F.—who was subject to court-ordered supervision, the trial court erred when it granted J.C.F.'s petition for expunction.

We agree.

### 1.     *Grant of Judicial Clemency*

In the hearing on J.C.F.'s request for early discharge from community supervision, the trial court granted J.C.F.'s request, and then it added the following:

I'm also going to grant you judicial clemency, which means that you will be relieved of any liabilities that may result of—from being placed on deferred adjudication.

And so, Probation Department, when you prepare his discharge order . . . check off the right box on the termination order and you will have complied with my granting of judicial clemency.

The trial court's order discharged J.C.F. from community supervision and added the following:

The Court **FURTHER ORDERS** that the Defendant's plea be withdrawn and the verdict be set aside. The Court **FURTHER ORDERS** that the accusation, complaint, information, or indictment be dismissed, and that the Defendant be released from all penalties and disabilities resulting from the conviction or plea in the case, except that (1) proof of the Defendant's conviction or plea shall be made known to the judge if the Defendant is convicted of any subsequent offense, and (2) if the Defendant is an applicant for or the holder of a license issued by the Department of Family and Protective Services (hereinafter "Department"), the Department may consider the fact that the Defendant previously received probation in issuing, renewing, denying, or revoking a license under Chapter 42, Human Resources Code.

The order closely tracks the statutory language for "Reduction or Termination of Community Supervision Period." *See* TEX. CODE CRIM. PROC. ANN. art. 42A.701.[5]

### 2.    *Effects of Grant*

The judicial clemency provision releases a defendant "from all penalties and disabilities resulting from the offense of which the defendant has been convicted or to which the defendant

---

[5] The relevant portion reads as follows:

(f) If the judge discharges the defendant under this article, the judge may set aside the verdict or permit the defendant to withdraw the defendant's plea. A judge acting under this subsection shall dismiss the accusation, complaint, information, or indictment against the defendant. A defendant who receives a discharge and dismissal under this subsection is released from all penalties and disabilities resulting from the offense of which the defendant has been convicted or to which the defendant has pleaded guilty, except that:

(1) proof of the conviction or plea of guilty shall be made known to the judge if the defendant is convicted of any subsequent offense; and

(2) if the defendant is an applicant for or the holder of a license under Chapter 42, Human Resources Code, the Department of Family and Protective Services may consider the fact that the defendant previously has received community supervision under this chapter in issuing, renewing, denying, or revoking a license under Chapter 42, Human Resources Code.

TEX. CODE CRIM. PROC. ANN. art. 42A.701.

has pleaded guilty." *See id.*; *State v. Brent*, 634 S.W.3d 911, 916 (Tex. Crim. App. 2021); *J.H.J.*, 274 S.W.3d at 809. But the provision does not end there.

The remainder of the provision effectively prohibits expunction based on the judicial clemency provision because it requires the arrest records to be maintained for at least two instances. *Cf. J.H.J.*, 274 S.W.3d at 808–09.

First, so that "proof of the conviction or plea of guilty [may] be made known to the judge if the defendant is convicted of any subsequent offense." TEX. CODE CRIM. PROC. ANN. art. 42A.701(f)(1); *see J.H.J.*, 274 S.W.3d at 809.

Second, so that "if the defendant is an applicant for or the holder of a license under Chapter 42, Human Resources Code, the Department of Family and Protective Services may consider the fact that the defendant previously has received community supervision under this chapter in issuing, renewing, denying, or revoking a license under Chapter 42, Human Resources Code." TEX. CODE CRIM. PROC. ANN. art. 42A.701(f)(2); *see J.H.J.*, 274 S.W.3d at 809.

### 3. J.C.F. Excluded from Expunction Privilege

It was J.C.F.'s burden to prove he met the statutory requirements, *see J.H.J.*, 274 S.W.3d at 806; *Ex parte Guajardo*, 70 S.W.3d at 205, but he did not.

The face of the record shows J.C.F. received court-ordered community supervision, and the expunction provision expressly excludes him from the privilege of expunction. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2) (requiring, to obtain relief, that "there was no court-ordered community supervision under Chapter 42A for the offense"); *J.H.J.*, 274 S.W.3d at 809 ("[W]e hold that a person's release from the 'penalties and disabilities' of a criminal offense does not entitle that person to expunction, which is a civil privilege granted to eligible citizens.").

Nevertheless, the trial court granted J.C.F.'s petition. *See Ex parte R.P.G.P.*, 623 S.W.3d at 316 (citing *Ex parte E.H.*, 602 S.W.3d at 489) (addressing expunction and stating that "the

statutory requirements [under article 55.01] are mandatory and exclusive and cannot be equitably expanded by the courts"). However, the trial court had no discretion "to extend the expunction statute beyond its stated availability." *See J.H.J.*, 274 S.W.3d at 811; *see also Ex parte E.H.*, 602 S.W.3d at 489 (no equitable expansion); *T.S.N.*, 547 S.W.3d at 620.

Having reviewed the entire record, we conclude the trial court's order granting J.C.F.'s petition for expunction did not comply with article 55.01(a)(2), and it was an abuse of discretion. *See Ex parte E.H.*, 602 S.W.3d at 489; *T.S.N.*, 547 S.W.3d at 620. The trial court's expunction order constitutes error on the face of the record. *See* TEX. R. APP. P. 30; *Ex parte E.H.*, 602 S.W.3d at 495; *Pike-Grant*, 447 S.W.3d at 886.

## CONCLUSION

The Department met the three jurisdictional requirements for its restricted appeal, and we have jurisdiction in this matter. Further, the face of the record shows J.C.F. was subject to court-ordered community supervision, and the judicial clemency provision does not excuse J.C.F. from complying with all the requirements for expunction—including not having been subject to court-ordered community supervision. We reverse the trial court's order and render judgment denying J.C.F.'s petition for expunction.

Patricia O. Alvarez, Justice