

# IN THE
# TENTH COURT OF APPEALS

─────────────

## No. 10-19-00437-CV

─────────────

## EX PARTE K.F.

─────────────

### From the 13th District Court
### Navarro County, Texas
### Trial Court No. D18-27530-CV

─────────────

## MEMORANDUM OPINION

─────────────

In two issues, the Texas Department of Public Safety (the Department) appeals the trial court's order granting the petition for expunction filed by K.F. We will affirm.

### Background

K.F. was arrested in August 2006 and charged with two Class B misdemeanors: possession of less than two ounces of marijuana and driving while license invalid. K.F. entered a plea of guilty or nolo contendere (the record is unclear) to the marijuana charge. The trial court deferred a finding of guilt and placed K.F. on community supervision in September 2006. Upon motion by the district attorney, the driving-while-license-invalid charge was dismissed in December 2006.

On December 11, 2018, K.F. filed a petition to expunge the records related to the invalid-license charge. The Department filed an answer denying that K.F. was entitled to an expunction because he served a term of community supervision for the misdemeanor marijuana charge that arose out of the same arrest. After a hearing, the trial court granted K.F.'s petition. The trial court determined that K.F. was entitled to expunction under Article 55.01(a)(2)(A). *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A).

The trial court noted in the order of expunction:

> The Court finds that the Petitioner has been released, that the charge has not resulted in a final conviction and is no longer pending, and there was no court-ordered community supervision under Chapter 42A of the Texas Code of Criminal Procedure. The Court further finds that the circumstances surrounding the dismissal of said offense or the quashing of the indictment or information indicate that the indictment or information was void.

The trial court did not file, and the Department did not request, separately filed findings of fact and conclusions of law.

The Department then filed this restricted appeal. Although requested by this Court to file a brief responding to the Department's issues, K.F. did not file a brief.

**Standard of Review**

A trial court's ruling on a petition for expunction is generally reviewed for abuse of discretion, but the meaning of a statute is a question of law reviewed *de novo*. *Ex parte R.P.G.P.*, 623 S.W.3d 313, 317 (Tex. 2021). Here, the trial court's ruling involves both statutory interpretation and application as well as factual determinations.

Consequently, we review the trial court's ruling on the applicability of Article 55.01(a) *de novo* and the trial court's factual findings for an abuse of discretion. *Id*.

When the trial court makes no separate findings of fact or conclusions of law, we will affirm the trial court's judgment on any legal theory supported by the record. *See Tex. Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (citing *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam)). We will draw all reasonable inferences supported by the record to support the trial court's judgment. *Id*.; *see also* TEX. R. CIV. P. 299.

## Issue One

The Department contends that K.F. is not entitled to expunction under art. 55.01(a)(2) because he served a term of court-ordered community supervision arising out of his arrest.

AUTHORITY

Expunction is a civil remedy governed by Article 55.01 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 55.01.[1]

> An expunction order allows the person arrested to "deny the occurrence of the arrest and [deny] the existence of the expunction order [except in a criminal proceeding]" and prohibits governmental and private entities named in the order from releasing, maintaining, disseminating, or using the expunged records and files "for any purpose." Because the remedy is a privilege defined by the Legislature, and not a constitutional or common-law right, the statutory requirements are mandatory and exclusive and cannot be equitably expanded by the courts.

---

[1] We use the current citation form for expediency. The version of Article 55.01 applicable to K.F.'s petition that was in effect as of September 1, 2017 was substantively the same as the current statute. *See* Act of May 24, 2017, 85th Leg., R.S., Ch. 693, § 1, 2017 Tex. Gen. Laws 693.

*R.P.G.P.*, 623 S.W.3d at 316 (footnoted citations omitted). The petitioner bears the burden of establishing that all of the statutory conditions or requirements are met. *See J.H.J.*, 274 S.W.3d at 806; *see also Ex parte C.L.F.*, No. 10-17-00255-CV, 2020 WL 9500921, at *2 (Tex. App.—Waco Feb. 26, 2020, no pet.).

Article 55.01(a)(2) permits a person to have all records and files related to an arrest expunged if:

> (1) the person has been released;
>
> (2) "the charge, if any, has not resulted in a final conviction";
>
> (3) "the charge, if any . . . is no longer pending";
>
> (4) "there was no court ordered community supervision under Chapter 42A for the offense"; and
>
> (5) "**provided that**" certain disjunctively stated conditions are satisfied.

*R.P.G.P.*, 623 S.W.3d at 316-17 (footnotes omitted; emphasis in original); TEX. CODE OF CRIM. PROC. ANN. art. 55.01(a)(2). As applicable in this case, the stated conditions include:

> (A) regardless of whether any statute of limitations exists for the offense and whether any limitations period for the offense has expired, an indictment or information charging the person with the commission of a misdemeanor offense based on the person's arrest or charging the person with the commission of any felony offense arising out of the same transaction for which the person was arrested:
>
> . . .
>
>> (ii) if presented at any time following the arrest, was dismissed or quashed, and the court finds that the indictment or information was dismissed or quashed because:

. . .

            (e)  the indictment or information was void; or

(B)  prosecution of the person for the offense for which the person was arrested is no longer possible because the limitations period has expired.

TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A)(ii)(e); (a)(2)(B).

DISCUSSION

As noted, the Department argues that K.F. is not entitled to expunction of the invalid-license charge because he served a term of community supervision for the marijuana charge. The Department cites a number of cases that hold that Article 55.01(a)(2) is arrest-based and precludes expunction unless all of the charges arising from the same arrest are shown to satisfy the requirements of Article 55.01. *See* Department's brief, pp. 18-19.

In an opinion issued after the Department filed its brief, the Texas Supreme Court has clarified that the prerequisites for expunction of a misdemeanor charge in Article 55.01(a)(2) are offense-based rather than arrest-based. *R.P.G.P.*, 623 S.W.3d at 322. Accordingly, a petitioner such as K.F., who is charged with multiple offenses after a single arrest, is entitled to expunction of the arrest records for a misdemeanor offense that was later dismissed even though the petitioner served a term of community supervision for one of the other misdemeanor offenses if all other conditions of Article 55.01 are met.

We conclude that the trial court's grant of K.F.'s petition for expunction was appropriate because, as a matter of law, there was no court-ordered community

supervision under Chapter 42A for the invalid-license offense for which K.F. was arrested. The Department's first issue is overruled.

## Issue Two

In its second issue, the Department argues that K.F. failed to present legally sufficient evidence that he was entitled to expunction. Specifically, the Department contends that K.F. failed to present evidence that the dismissal of the invalid-license charge was the same as an acquittal. The Department further argues that the evidence is insufficient to support expunction under other subsections of Article 55.01.

In his first amended petition for expunction, and in his argument to the trial court, K.F. also asserted that he was entitled to expunction because the limitations period for the invalid license charge had expired.

AUTHORITY

An appellate court reviews a trial court's findings for legal sufficiency using the standard applied in reviewing evidence supporting a jury's verdict. *Teal Trading & Dev., LP v. Champee Springs Ranches Prop. Owners Ass'n*, 593 S.W.3d 324, 333 (Tex. 2020). The test for legal sufficiency is "whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *Id*. (quoting *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)). We consider all the evidence in the light most favorable to the verdict and indulge every reasonable inference that would support it. *City of Keller*, 168 S.W.3d at 822. "A legal sufficiency challenge fails if more than a scintilla of evidence supports the finding." *Tex. Outfitters Ltd., LLC v. Nicholson*, 572 S.W.3d 647, 653 (Tex. 2019). The factfinder is the sole judge of the witnesses' credibility

and demeanor, and we must defer to the trial court's factual determinations. *In re J.F.-G.*, 627 S.W.3d 304, 312 (Tex. 2021).

DISCUSSION

The record supports the trial court's judgment as the limitations period for prosecution of the invalid-license charge had expired at the time K.F.'s petition for expunction was filed. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(B); *see also* TEX. CODE CRIM. PROC. ANN. art. 12.02(b) ("A complaint or information for any Class C misdemeanor may be presented within two years from the date of the commission of the offense, and not afterward."). The Department argues that K.F. is entitled to expunction on limitations grounds only if he meets the requirements of *both* subsections (a)(2)(A) and (B). However, (A) and (B) are disjunctive rather than conjunctive elements, separated by an "or"—meaning that K.F. could establish a right to expungement under either subsection. *See R.P.G.P.*, 623 S.W.3d at 317 (stated conditions under Article 55.01(a)(2) are disjunctive); *see also Ex parte R.J.F.*, 640 S.W.3d 365, 369-70 (Tex. App.—Houston [14th Dist.] 2022, no pet.). There was more than a scintilla of evidence that prosecution of the invalid license charge was barred by limitations.

We conclude that the trial court did not abuse its discretion in finding that K.F. had a valid driver's license at the time of his arrest and that prosecution of the invalid license charge was barred by limitations. The Department's second issue is overruled.

## Conclusion

Having overruled both of the Department's issues, we affirm the judgment of the trial court.

MATT JOHNSON
Justice

Before Chief Justice Gray,
        Justice Johnson, and
        Justice Smith
Affirmed
Opinion delivered and filed May 25, 2022
[CV06]

